UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN MELVILLE, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>HOP ENERGY, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 21 Civ. 10406 (KMK)<br><br>CASE MANAGEMENT AND SCHEDULING ORDER |

KENNETH M. KARAS, District Judge:

　　　　At the conference before the Court held on May 9, 2023, this Case Management Plan and Scheduling Order was adopted in accordance with Rules 16-26(f) of the Federal Rules of Civil Procedure.

1.　　　　This case is to be tried to a jury.

2.　　　　No additional parties may be joined except with leave of the Court.

3.　　　　Amended pleadings may not be filed except with leave of the Court.

4.　　　　Initial disclosure pursuant to Rule 26(a)(1), Fed. R. Civ. P., will be completed not later than April 25, 2023.

5.　　　　All *fact* discovery is to be completed no later than January 18, 2024.[1]

6.　　　　The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to

---

[1] The fact discovery deadline may depend on the Court's resolution of the parties' dispute regarding bifurcation of class vs. merits discovery as set forth in the parties' forthcoming letter briefs. Defendant believes that discovery should be bifurcated with (a) discovery regarding issues relating to class certification and related discovery regarding Plaintiff's individual claim taking place during an initial phase of discovery, and (b) full-blown merits discovery taking place thereafter. Plaintiff does not believe discovery should be bifurcated.

the Court, provided the parties meet the fact discovery completion date in paragraph 5 above:

    a.    Initial requests for production of documents to be served by <u>May 18, 2023</u>.

    b.    Interrogatories to be served by <u>December 18, 2023</u>.

    c.    Depositions to be completed by <u>January 18, 2024</u>.

        i.    Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    Unless the parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

    d.    Requests to Admit to be served no later than <u>December 18, 2023</u>.

7.    All expert disclosures, including reports, production of underlying documents and depositions are to be completed by:

    a.    Expert(s) of Plaintiff(s):  <u>June 18, 2024</u>.

    b.    Expert(s) of Defendant(s):  <u>June 18, 2024</u>.

8.    Motions:  All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements.  Summary Judgment or other dispositive motions are due at the close of discovery.

Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least two (2) weeks prior to this deadline.

9.    All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.

10.    a.    Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.

        b.    The parties do not request a settlement conference before a United States Magistrate Judge.

11.      a.      Counsel for the parties have discussed the use of the Court's Mediation Program.

           b.      The parties do not request that the case be referred to the Court's Mediation Program.

12.      a.      Counsel for the parties have discussed the use of a privately-retained mediator.

           b.      The parties are still discussing whether to use a privately-retained mediator.

13.      The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P.  If this action is to be tried before a jury, proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order.  Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed upon submission.

14.      Parties have conferred and their present best estimate of the length of trial is <u>two weeks</u>.

**TO BE COMPLETED BY THE COURT:**

15.         [Other directions to the parties:]

**There will be no extensions of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order without the permission of the Court, nor should counsel assume that any extensions will be granted. Counsel may seek permission for extension of *interim* discovery deadlines from the magistrate judge to whom the case is referred. Counsel may seek permission for an extension of the deadline for completion of discovery past the date discovery is scheduled to be completed in this Order only after consenting to allowing the magistrate judge to handle the case for all purposes.**

16.         The next Case Management Conference is scheduled for _____ _____.

            The movant's pre-motion letter is due _____;

            The non-movant's response is due _____.

SO ORDERED.

DATED:      White Plains, New York

                                                    _____
                                                    KENNETH M. KARAS
                                                    UNITED STATES DISTRICT JUDGE