

230 Park Avenue
New York, NY 10169
otterbourg.com
212 661 9100

William M. Moran
Member of the Firm
Admitted in NY and NJ
wmoran@otterbourg.com
212 905 3625

April 27, 2023

*Via ECF*
The Honorable Kenneth M. Karas
United States District Judge
The Honorable Charles L. Brieant Jr. Federal Building and Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      Re:    ***Melville v. HOP Energy, LLC, Case No. 21-cv-10406-KMK - Letter-Motion Regarding Stay of this Action or Bifurcation of Discovery***

Dear Judge Karas:

      Pursuant to Local Civil Rule 7.1(d) and Your Honor's Individual Rules of Practice, defendant HOP Energy, LLC ("HOP") requests: (a) a pre-motion conference on HOP's proposed motion to stay this action (the "Melville Action") based upon the prior pending class action entitled *Callery v. HOP Energy, LLC*, No. 2:20-cv-03652-CMR (E.D. Pa. 2020) (the "Callery Action"), which is asserted on behalf of a putative class that subsumes the putative class here, and (b) an order (i) bifurcating discovery in the Melville Action, with the parties first conducting proportional discovery relating to class certification and the merits of the individual claim of Ryan Melville ("Melville") and later (if needed) conducting full class-wide merits discovery, or (ii) otherwise exercising the Court's discretion to narrow the scope of pre-certification discovery.

### The Court Should Grant HOP Leave to File a Motion to Stay the Melville Action.

      A district court has "broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Under the first-filed rule, "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience … or … special circumstances … giving priority to the second." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (internal quotation marks and citations omitted). Many courts have applied that rule to stay, dismiss or transfer a class action where the legal or factual issues in that action overlap with those in an earlier-filed class action, even where the actions are not identical. *Cortes v. Victoria Secret Stores, LLC*, 2020 WL 1139657, *2-5 (N.D. Cal. 2020); *Thomas v. Apple-Metro, Inc.*, 2015 WL 505384, at *2-5 (S.D.N.Y. Feb. 5, 2015); *Castillo v. Taco Bell of Am., LLC*, 960 F. Supp. 2d 401, 404-05 (E.D.N.Y. 2013); *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244, 247-50 (E.D.N.Y. 2012). *But see Shimon v. Equifax Info. Servs. LLC*, 2018 WL 4906245, at *2-3 (E.D.N.Y. Oct. 9, 2018) (declining to dismiss or stay, but "recogniz[ing] the desirability of not duplicating work and … stagger[ing] discovery of the individual and class claims"), *aff'd*, 994 F.3d 88 (2d Cir. 2021).

      Dismissal or stay is particularly appropriate where, as here, the class in the later-filed class action is subsumed within the class in the earlier-filed class action. *Alvarex v. Safelite Group Inc.*,



April 27, 2023
The Honorable Kenneth M. Karas
Page 2

2022 WL 19569839, at *2-3 (C.D. Cal. 2022) (dismissal); *Cortes*, 2020 WL 1139657, at *2-5 (stay). The Complaint in the Callery Action (the "Callery Complaint") was filed in state court on June 23, 2020, and was timely removed to the United States District Court for the Eastern District of Pennsylvania. It alleges that HOP provides heating oil and services to customers in Pennsylvania, Vermont, Massachusetts, Rhode Island, Connecticut, New Jersey, Delaware and New York, and purports to assert claims on behalf of a putative class which it defines to include:

> All persons who entered into contracts with [HOP] for the delivery of heating oil to a residence, under terms including a capped pricing program and/or a prevailing retail price for the price of the heating oil, and who received delivery of heating oil during the time period commencing six years before the filing date of this action.

(Callery Complaint, Exhibit A hereto, ¶¶ 3, 15).

The Melville Action was commenced a year-and-a-half later on December 6, 2021. The Amended Complaint in the Melville Action, filed yesterday, defines the class to include:

> all HOP Energy customers in Connecticut, Delaware, Massachusetts, New Jersey, New York, Pennsylvania, Rhode Island, and Vermont (including customers of companies HOP Energy acts as a successor to) who purchased heating oil during the applicable statute of limitations period up to and including the date of judgment pursuant to contractual pricing terms that set the customer's price in relation to "our Promotional Prevailing Retail Price for First Year Customers" or any other pricing terms that set the customer's price in a way that combines the concepts of "Promotional" or "First Year Customers" with "Prevailing Retail Price."

(Amended Complaint in Melville Action, ECF No. 31, ¶ 42).

Because all members of the putative class in the Melville Action are required to have contracts that include the "concept[]" of "Prevailing Retail Price," the putative class in the Melville Action is a subset of the putative class in the Callery Action. Further, both claims in the Amended Complaint in the Melville Action are at issue in the Callery Action. Recent requests by plaintiff's counsel in both cases to share discovery with each other have highlighted the duplicative nature of the Melville Action. Accordingly, in the interests of avoiding duplicative litigation, promoting judicial economy and avoiding inconsistent results, the Court should stay the Melville Action during the pendency of the earlier-filed Callery Action.

### If the Melville Action Is Not Stayed, Discovery in it Should Be Bifurcated.

If the Melville Action is not stayed, then the Court should bifurcate discovery, with the parties first conducting discovery relating to class certification and the merits of Melville's



individual claim, and (if needed) thereafter conducting full-blown merits discovery. Importantly, Fed. R. Civ. P. 23(c)(1)(A) requires that, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Bifurcation will facilitate an early motion for class certification and enable the Court to address that motion "[a]t an early practicable time." *See Conner v. Perdue Farms, Inc.*, 2013 WL 5977361, at *4 (D.N.J. Nov. 7, 2013) ("[I]n light of the mandate set forth in the Federal Rules, requiring that class certification must be made as soon as possible after commencement of the action …, the Court is wary of permitting additional delays in the motion for class certification. For these reasons, the Court finds that reasons of fairness and efficiency counsel in favor of bifurcating discovery."); *Nazario v. Sharinn & Lipshie, P.C.*, 2020 WL 205896, at *2 (D.N.J. Jan. 14, 2020) ("Class merits discovery is deferred until a decision on certification.").

If discovery is not bifurcated, and the parties are diverted into class-wide merits discovery, there will be little or no chance that class certification will be addressed "[a]t an early practicable time." Melville's discovery requests demonstrate this. Melville has already served a 52-request document request and interrogatories (Exhibits B and C) seeking extensive class-wide merits discovery going far beyond what is needed for class certification or Melville's individual claim.[1]

Even if discovery is not bifurcated, "[a]ny class discovery must … be proportional to the needs of the case and 'bear some relationship to the claims of the named Plaintiff[s].'" *Ford v. Rensselaer Polytechnic Inst.*, 2022 WL 715779, at *4 (N.D.N.Y. Mar. 10, 2022) (declining bifurcation, but narrowing pre-certification discovery) (quoting *Chow v. SentosaCare, LLC*, 2020 WL 559704, at *3 (E.D.N.Y. Jan. 23, 2020)). *See also* Fed. R. Civ. P. 26(b)(1) (requiring proportionality). Melville's discovery requests defy those requirements and show why, at this stage, class-wide merits discovery going beyond what is needed for class certification issues and Melville's individual claim is inappropriate. Thus, at a minimum, the Court should exercise its discretion "to narrow the scope of merits discovery that will proceed [before and] during the pendency of the motion for class certification," *Local 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, 2020 WL 1166047, at *6 (S.D.N.Y. Mar. 11, 2020), and direct the parties not to conduct full-blown class-wide merits discovery—as Melville is already attempting to do—until after Melville's class certification motion is fully briefed and heard.

---

[1] For example, Request No. 26 of Melville's document request seeks: "Documents and communications from, with, or to HOP Energy's customers or third parties, including without limitation governmental authorities, attorneys for third parties, auditors, investors, competitors, consumer advocates, trade groups, journalists, new organizations, advertising partners, payment processors, vendors, contractors, consultants, public relations personnel, or any other third party regarding (i) Defendant's variable home heating oil rates, (ii) Defendant's practice of charging former capped price program participants the Promotional Prevailing Retail Price for First Year Customers, or (iii) the Variable Price Plan." *See also* Interrogatory No. 5.



April 27, 2023
The Honorable Kenneth M. Karas
Page 4

    Thank you for your consideration.

                                                Respectfully,

                                                William M. Moran

cc:  All Counsel, via ECF