

May 4, 2023

**Via ECF**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:     *Melville v. HOP Energy, LLC*, No. 21 Civ. 10406 (KMK)

Dear Judge Karas,

This office represents Plaintiff and the proposed Class.  We write pursuant to the Court's April 28, 2023, Memo Endorsement (ECF No. 33) to oppose Defendant's ("HOP") pre-motion application for an indefinite stay under the first-filed rule, or alternatively, to bifurcate class and merits discovery.  As set forth below, HOP's stay and alternative bifurcation request is facially deficient.

**A.  HOP's First Filed Claim is Not Serious and Only Threatens Further Expense and Delay**

HOP claims this Court should indefinitely stay this action because *Callery v. HOP Energy, LLC*, 20-3652 (E.D. Pa.) was filed first.  However, HOP waived this eleventh-hour argument by failing to raise it when HOP moved to dismiss this action more than a year ago.  ECF No. 15.[1]

Even if HOP's first-filed claim is not waived (it is), it is meritless.  First, the two cases do "not involve substantially or effectively the same issues, and therefore, the first-filed principle does not apply."  *Albright v. Terraform Labs, Pte. Ltd.*, 22-0728, 2022 WL 16985806, at *2 (S.D.N.Y. Nov. 15, 2022) (cleaned up).  As Your Honor's dismissal ruling makes clear, this case is a breach of contract case arising out of HOP's pricing after Plaintiff was transferred from HOP's "capped-price" program onto HOP's variable rate plan.  ECF No. 24 at 2.  Specifically, under the parties' contract once Plaintiff moved from the capped-price plan to the variable plan he should have been charged "[HOP's] Promotional Prevailing Retail Price for First Year Customers."  *Id.*  But HOP breached this pricing term, *id.*, or alternatively, to the extent that term gave HOP any price-setting discretion, HOP exercised it in bad faith.  *Id.* at 19–20.

By contrast, the *Callery* case focuses on HOP's capped-price customers.  The Court need not take our word for it.  HOP itself describes the *Callery* case as one "aris[ing] out of HOP's capped pricing program."  *See* HOP's *Callery* dismissal memo at 2, attached as **Ex. A**.  The *Callery* court understands and agrees: "the capped price program" is the program "relevant here."  Mem. Op. at 2, attached as **Ex. B**.  *Callery* is clearly a fraud case based on the theory that HOP never intended to honor its capped price promise.  *Id.* at 5–6.  In short, the factual predicate of *Callery* differs substantially from this breach of contract case and, thus, *Callery* was not "first filed."

---

[1] *See Bernstein v. Virgin Am., Inc.*, 15-02277, 2018 WL 3349183, at *3 (N.D. Cal. July 9, 2018) ("[Defendant] knew about the potential overlap between this case and the [other action] for several months before it filed its stay motion . . . . Were [defendant] serious about conserving resources, it would have filed its stay motion earlier.").

To be sure, there is some overlap but that is not dispositive. *Callery's* capped price program promises customers the lesser of HOP's capped price and "[HOP's] prevailing retail price." But the key merits issues—such as the alleged misrepresentations and reliance raised in *Callery*—are not present here. Similarly, as noted in the Court's dismissal opinion in this case, that variable rate customers here would be charged "[HOP's] Promotional Prevailing Retail Price for First Year Customers" could "indicate that Defendant's price would be discounted from, or, at the very least, not be markedly higher than, the prevailing retail price in the region." *Id.* at 17. *Callery* does not involve determining the meaning of contract language promising "Promotional" prices or prices "for First Year Customers," but instead alleges fraud. Further, while there are common causes of action (*Callery* also has contract claims) each case's underlying facts and HOP's dismissal arguments make plain that resolution of the liability issues in one case are unlikely to resolve liability issues in the other. Inconsistent judgments are also highly unlikely, thus typifying the fact that "the mere overlap of operative facts does not trigger application of the first-filed rule." *Armouth Int'l, Inc. v. Fallas*, 19-3669, 2021 WL 795448, at *4 (S.D.N.Y. Mar. 1, 2021).

These obvious differences expose the real reason HOP's letter focuses on the cases' *preliminary* class definitions: that is the most overlap HOP can find. But HOP's effort fails there as well. This case covers customers with contracts that **combine** the concepts of "Promotional" or "First Year Customers" **with** "Prevailing Retail Price." ECF No. 31, ¶ 42. Not, as HOP claims, customers with contracts that just include the concept of "Prevailing Retail Price." But even if HOP were correct that potentially overlapping classes could theoretically be certified, that is not enough. *See Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 539 (S.D.N.Y. 2013) ("Although the [earlier Illinois] action also seeks certification of a multi-state class that could potentially encompass New York and Connecticut consumers, no nationwide class has, in fact, been certified[.]"). If HOP's concerns truly stemmed from the class definitions, it would have sought a stay under our December 6, 2021, original complaint.[2] Indeed, when HOP answered that complaint just three weeks ago it did not even assert a first-filed defense or make any reference to *Callery*. *See* ECF No. 25.

Finally, even if *Callery* could be considered "first," the "balance of convenience" exception to the "first-filed" doctrine weighs decidedly against a stay. The "balance of convenience" factors are "essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404." *Albright*, 2022 WL 16985806, at *3. To begin, E.D. Pa. is not a district where this case "might have been brought," 28 U.S.C. § 1404(a), as it has neither specific nor general jurisdiction over a plaintiff from Connecticut (Melville) that brings claims against a Delaware LLC headquartered in White Plains (HOP), and Plaintiff does not allege Pennsylvania-based conduct relating to his specific claims.[3] The other § 1404 factors likewise strongly favor Plaintiff. The six considerations to assess the convenience of the parties all favor this District, where HOP is headquartered. Further, Plaintiff's choice of forum is accorded considerable weight. The interests of justice are also better served in this forum because the actions are substantially different.

---

[2] *See* ECF No. 1, ¶ 42 (defining class to include purchases "pursuant to contractual pricing terms that tied HOP Energy's prices to prevailing retail prices at the time of delivery.").

[3] That Plaintiff seeks certification of a multi-state class is irrelevant, as "the claims of unnamed class members can never make permissible an otherwise impermissible venue. *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018); *see also Healy v. Wells Fargo Bank, N.A.*, 20-1838, 2020 WL 7074939, at *4 (S.D. Cal. Dec. 3, 2020) (where first filed case was not in a venue where later case "might have been brought" the "Court need not address" first filed arguments).

### B. If The Court Permits First-Filed Briefing Discovery Should Proceed in the Interim

HOP's ill-advised stay request should not be allowed to hinder ongoing discovery. *See Billups v. West*, 95-1146, 1997 WL 100798, at *3 (S.D.N.Y. March 6, 1997) ("Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all."); *Arriaga v. City of New York*, 6-2362, 2007 WL 582813, at *1 n. 1(S.D.N.Y. Feb. 23, 2007) ("[I]t is self-evident that a request for relief, without more, cannot operate to grant the relief sought.").

### C. HOP's Alternative Request to Bifurcate or Otherwise Narrow Discovery is Disfavored

HOP proposes an unorthodox and oft-rejected "bifurcated discovery" process that is inconsistent with modern class action practice. In the Second Circuit, "bifurcation is the exception, not the rule." *Cunningham v. Big Think Capital Inc.*, 21-02162, 2021 WL 4407749, at *3 (E.D.N.Y. Sept. 27, 2021). This is because following the landmark decision in *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), courts "must probe behind the pleadings before coming to rest on the certification question, satisfying themselves that Rule 23 compliance may be demonstrated through 'evidentiary proof.'" *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 138 (2d Cir. 2015). These Rule 23 considerations are "enmeshed in the factual and legal issues comprising the plaintiff's cause of action," *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013), which is why courts have long recognized "the need to develop the record fully before a class motion is considered." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 298 (S.D.N.Y. 2012); *see also Flores v. Stanford*, 18-02468, 2021 WL 4441614, at *5 (S.D.N.Y. Sept. 28, 2021) ("It is well-established within this Circuit that discovery relating to class issues may overlap substantially with merits discovery.") (cleaned up).

Bifurcation is also widely disfavored because it "will result in duplication of efforts and needless line-drawing disputes." *Hines v. Overstock.com, Inc.,* 09-991, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010). The inefficiencies are legion: multiple depositions of the same witnesses, multiple disputes on the same discovery, and threshold disputes about what is or is not "class" versus "merits" discovery. Such waste also promotes unfairness at class certification. *See Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 488 (C.D. Cal. 2012) (rejecting bifurcation and noting that "it is often easy for a defendant to paint a dismal picture of plaintiffs' prospects because, at the class certification stage, plaintiffs do not have the benefit of discovery into the merits of a case and defendants frequently have withheld exactly the information needed to prove plaintiffs' case"). Indeed, this is likely why bifurcation was recently rejected in *Callery*. **Ex. C** at ¶ 4.

Finally, HOP vaguely claims that absent bifurcation the Court should still somehow "narrow" discovery and bar "full-blown" discovery. Yet HOP's cases cut in the exact **opposite** direction. In *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, 18-4476, 2020 WL 1166047, at *6–7 (S.D.N.Y. Mar. 11, 2020), the court only narrowed discovery after having supervised discovery "for several months," with an imminent class motion requiring only discovery expected by "the end of this month." In *Ford v. Rensselaer Polytechnic Inst.*, 20-470, 2022 WL 715779, at *4 (N.D.N.Y. Mar. 10, 2022), the court did not bifurcate discovery, and instead addressed each disputed discovery request on a case-by-case basis under the Rule 26(b)(1) framework. *Ford* does not support HOP's ambiguous request that the Court issue a wholesale order narrowing discovery. What HOP should do—as the Rules require—is respond to Plaintiff's discovery (which it has not done) and allow the meet and confer process to run its course.

Thank you for the Court's consideration of this matter.

Respectfully submitted,

/s/ J. Burkett McInturff
J. Burkett McInturff

cc:   All counsel of record (via ECF)