UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RYAN MELVILLE, on behalf of himself and all others similarly situated,

Plaintiff,

v.

HOP ENERGY, LLC,

Defendant.

No. 21-CV-10406 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Ryan Melville ("Plaintiff") brings this Action, on his own behalf and on behalf of a putative class, asserting claims against HOP Energy, LLC ("Defendant"), for breach of contract and breach of the implied covenant of good faith. (*See generally* Compl. (Dkt. No. 1).) On April 27, 2023, Defendant requested that the Court stay this action based upon a prior pending class action, bifurcate discovery, or narrow the scope of pre-certification discovery. (*See* Def.'s Mem. (Dkt. No. 32).) Plaintiff opposes Defendant's Motion. (*See* Pl.'s Mem. (Dkt. No. 34).)

A. Stay

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The Second Circuit has recognized that "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Id.* at 138. In determining how to proceed "the Court should consider the need to 'protect parties from the

vexation of concurrent litigation over the same subject matter,'" and fostering judicial economy. *Structured Asset Sales, LLC v. Sheeran*, No. 20-CV-4329, 2021 WL 1199495, at *7–8 (S.D.N.Y. Mar. 30, 2021) (citing *Curtis*, 226 F.3d at 138). "The decision whether or not to stay or dismiss a proceeding rests within a district judge's discretion." *Id*. at *7.

Additionally, "it is a well-settled principle in [the Second] Circuit that 'where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second.'" *Andy Stroud, Inc. v. Brown*, No. 08-CV-8246, 2009 WL 539863, at *9 (S.D.N.Y. Mar. 4, 2009) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)). However, the first-filed rule only "applies when identical or substantially similar parties and claims are present in both courts." *Pippins v. KPMG LLP*, No. 11-CV-0337, 2011 WL 1143010, at *2 (S.D.N.Y. Mar. 21, 2011).

Defendant, pointing to *Callery v. HOP Energy, LLC*, 20-CV-3652 (E.D. Pa.), argues that that the instant case should be stayed because "the putative class in the Melville Action is a subset of the putative class in the *Callery* Action" and "both claims in the Amended Complaint in the Melville Action are at issue in the *Callery* Action." (Def.'s Mem. 2.) In *Callery*, the plaintiff alleges that his contract for heating oil with Defendant provided that "if our prevailing retail price for home heating oil drops below the Capped Price during the Pricing Period, then you (i.e., Plaintiff) will pay our prevailing retail price for home heating oil." (Def.'s Mem. Ex. A, at 8.) The *Callery* plaintiff alleges he was charged $2.099/gallon—the Capped Price—however when he called Defendant to ask what their prevailing retail price for heating oil was, he was told the price was $1.55/gallon. (*Id*.) When asked why he was charged $2.099/gallon, he was transferred several times until a representative informed him that Defendant's "prevailing

retail price for oil was $2.49/gallon." (*Id.*) Essentially, *Callery* is based on the theory that Defendant did not honor its Capped Price promise. (*Id.*)

In the instant Action, Plaintiff alleges that he was not charged Defendant's contracted for "Promotional Prevailing Retail Price for First Year Customers" when he was charged prices that were "allegedly higher than the prevailing retail price in the industry." *Melville v. HOP Energy, LLC*, No. 21-CV-10406, 2023 WL 2648775, at *1 (S.D.N.Y. Mar. 27, 2023). Accordingly, unlike in *Callery,* this case turns on the interpretation of that phrase. Because the "claims and rights raised in the two actions . . . differ substantially," the Court finds the first-filed rule inapplicable in this instance. *Armouth Int'l, Inc. v. Fallas*, No. 19-CV-3669, 2021 WL 795448, at *5 (S.D.N.Y. Mar. 1, 2021) (citation and quotation marks omitted).

B. Bifurcated Discovery

Defendant requests that if the case is not stayed, the Court bifurcate discovery "with the parties first conducting discovery relating to class certification and the merits of Melville's individual claim, and (if needed) thereafter conducting full-blown merits discovery." (Def.'s Mem. 3.) Defendant argues that if "discovery is not bifurcated, and the parties are diverted into class-wide merits discovery, there will be little or no chance that class certification will be addressed" as early as practicable. (*Id.*)

In the Second Circuit, "bifurcation is the exception, not the rule." *Cunningham v. Big Think Capital Inc.*, 21-CV-2162, 2021 WL 4407749, at *3 (E.D.N.Y. Sept. 27, 2021). It is well-established within [the Second] Circuit that "[d]iscovery relating to class issues may overlap substantially with merits discovery." *Flores v. Stanford*, No. 18-CV-2468, 2021 WL 4441614, at *5 (S.D.N.Y. Sept. 28, 2021) (citation omitted); *see also Thompson v. Glob. Contact Servs., LLC*, 20-CV-651, 2021 WL 1103029, at *2 (E.D.N.Y. Feb. 16, 2021). This is because "[a] key

question in class certification may be the similarity or dissimilarity between the claims of the representative parties and those of the class members—an inquiry that may require discovery on the merits and development of basic issues." *Id.* (citation omitted). For this reason, "courts are reluctant to bifurcate class-related discovery from discovery on the merits." *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299 (S.D.N.Y. 2012) (citing *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)); *see also Hines v. Overstock.com, Inc.*, No. 09–CV–991, 2010 WL 2775921, at *1 (E.D.N.Y. July 13, 2010) ("[W]here discovery relating to class issues overlaps substantially with merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes."). Accordingly, the Court denies Defendant's request to bifurcate discovery.

Finally, Defendant requests that the Court narrow the scope of pre-certification discovery and "direct the parties not to conduct a full-blown class-wide merits discovery. . . until after Melville's class certification motion is fully briefed and heard," arguing that Plaintiff's discovery requests are not proportional to the current needs of the case. (Def.'s Mem. 3.) Such a request should be directed to the Magistrate Judge designated to this Action.

SO ORDERED.

DATED: May 11, 2023
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE