UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN MELVILLE,<br>on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>                      v.<br><br>HOP ENERGY, LLC,<br><br>                      Defendant. | Case No.: 21 Civ. 10406 (KMK) |

## [PROPOSED] JOINT STIPULATED PROTECTIVE ORDER

To facilitate the exchange of Discovery Material, the resolution of potential disputes over confidentiality, and protect against improper disclosure of Discovery Material entitled to protection under Federal Rule of Civil Procedure 26(c), the Parties agree that this Stipulated Protective Order ("Order") shall govern the above captioned action (collectively, the "Litigation"). Based upon this stipulation, it is hereby ORDERED as follows:

    1.    **Definitions.**

    (a)    "Party" or "Parties" shall mean all named parties in the above-captioned matter, including any named party added or joined to any complaint in this action and their employees, members, managers, employees, officers, directors, and principals acting or purporting to act on their behalf, but shall not include Absent Class Members.

    (b)    "Absent Class Member" or "Absent Class Members" shall mean any member of any certified or uncertified class in this Litigation who is not a named plaintiff in this Litigation.

    (c)    "Discovery Material" shall mean all documents, items, or other information,

regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this Litigation. Discovery Material includes any material produced, filed, exchanged, disclosed, created or served by any Party or person during discovery in this Litigation, or any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or non-party (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

(d) "CONFIDENTIAL" Discovery Material shall mean (i) Discovery Material that contains, includes, discloses or reveals trade secrets or other confidential research, development, or commercial information, other non-public commercial information that may be properly subject to a protective order, and (ii) confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise, within the meaning of Fed. R. Civ. P. 26(c)(l)(G).

(e) "HIGHLY CONFIDENTIAL" Discovery Material shall mean the following subset of extremely sensitive "CONFIDENTIAL" Discovery Material the disclosure of which to another Party or non-party is substantially likely to cause injury to any person that could not be avoided by less restrictive means:

    (1) Trade secrets within the meaning of Fed. R. Civ. P. 26(c)(l)(G) in the possession of such Party or person, including the trade secrets of others;

    (2) Current or currently prospective business plans, market analysis, information disclosing HOP's pricing methods, HOP's internal manuals, information disclosing HOP's customer lists, HOP's internal strategies or business processes;

(3) Financial information not publicly filed with any federal or state regulatory authority;

(4) Personnel compensation, evaluations, or other private employment information;

(5) Material the public filing of which is prohibited by Rule 5.2 of the Federal Rules of Civil Procedure; or

(6) Any other category of information agreed to in writing by counsel or ordered by the Court for the Parties.

(f) "Receiving Party" shall mean a Party that receives Discovery Material from a Producing Party in this Litigation.

(g) "Producing Party" shall mean a Party or non-party that produces Discovery Material in this Litigation.

(h) "Designating Party" shall mean a Party or non-party that designates Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

**2. Designating CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material in Documents.**

2.1. Any Party or non-party may designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, and such material shall be treated in accordance with the provisions of this Protective Order, provided that the materials are stamped, marked or otherwise identified in such a manner that they are prominently designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. If Discovery Material entitled to protection is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material shall be stamped, marked or otherwise identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL. To the extent a Party wishes or is required to file CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material with the Court, the Party shall electronically file a partially redacted copy masking only

the portion of the Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL and serve an unredacted copy of the document on counsel of record. Section IX of Judge Karas' Individual Rules of Practice shall govern the filing of documents under seal in this action.

2.2. If it comes to the Designating Party's attention that Discovery Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL does not qualify for such protection, it must promptly notify all other Parties in writing that it is withdrawing the mistaken designation and, at its own expense, produce new copies of the Discovery Materials with the appropriate designation within twenty-one (21) days.

2.3. The protections of this Order do not apply to: (a) any Discovery Material that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this order, including becoming part of the public record through trial or otherwise; and (b) any Discovery Material known to the Receiving Party prior to disclosure or obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and is under no obligation of confidentiality to the Designating Party.

3. **Designating CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material in Depositions.**

3.1. Parties and deponents may, within twenty-one (21) days after receiving a transcript of a deposition, designate specific portions of the transcript (and/or exhibits thereto) as CONFIDENTIAL or HIGHLY CONFIDENTIAL by identifying, in a letter to counsel for the party taking the deposition and the court reporter, the page and line numbers of the transcript (and/or portions of exhibits) to be designated. Only those portions of the testimony and exhibits

that are appropriately designated for protection within 21 days shall be covered by the provisions of this Order. However, until the expiration of the 21-day period during which such designations may be made, the entire deposition transcript and any exhibits will be treated as HIGHLY CONFIDENTIAL Discovery Material under this Order.

3.2. If any depositions are videotaped or digitally recorded, those portions of the recording corresponding to portions of the deposition transcript designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be afforded the same confidentiality status.

**4. Use of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material is Limited to This Litigation Only.**

4.1. Unless otherwise ordered by this Court or any other court, administrative agency, or similar governmental or regulatory body, Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be used only in connection with the prosecution or defense of claims in, or the settlement of, this Litigation.

**5. Disclosure of CONFIDENTIAL and HIGHLY CONFIDENTIAL Discovery Material**

5.1. CONFIDENTIAL Discovery Material may only be disclosed to:

(a) Parties in this Litigation;

(b) In-house counsel for the Parties and their internal counsel and their legal, investigative, technical, administrative, and other support staff engaged in the conduct of this Litigation;

(c) Outside counsel of record for the Parties and other counsel who have entered an appearance in this Litigation, and their respective legal, investigative, technical, administrative, and other support staff engaged in the conduct of this Litigation on behalf of named Parties;

(d) This Court, or any other court exercising jurisdiction with respect to this Litigation, and any court personnel or other qualified persons involved in the Litigation, including, clerical personnel, jurors, court reporters or those recording, taking, or transcribing testimony or argument at any

deposition, hearing, trial, or appeal in this Litigation;

(e) Witnesses at depositions and trial who have executed the Acknowledgment and Consent to Be Bound by Protective Order ("Acknowledgment") attached as Exhibit A;

(f) Any person designated by the Court to have authority to view protected material upon such terms as the Court may deem proper;

(g) Any special master, mediator, or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration, or other dispute resolution regarding issues arising in this Litigation, if they execute the Acknowledgment;

(h) Outside consultants, investigators, or experts retained for the purpose of assisting counsel or testifying in this Litigation that have executed the Acknowledgment;

(i) Third-party contractors engaged for litigation support that have executed the Acknowledgment, including those involved in copying, organizing, filing, coding, converting, storing, or retrieving Discovery Material or designing and maintaining computerized programs for handling Discovery Material;

(j) The person or entity that produced or originally created the designated Discovery Material;

(k) Any author, addressee, or recipient of the designated Discovery Material as indicated on its face;

(l) Any person or entity expressly mentioned, discussed, or referred to by name or reference in the designated Discovery Material as indicated on its face, provided that such person or entity executes the Acknowledgment; and

(m) Any other person agreed to in writing by the Designating Party, which agreement shall not be unreasonably withheld.

5.2. HIGHLY CONFIDENTIAL Discovery Material may only be disclosed by the Receiving Party to those persons or entities identified in sections 5.1(e)-(m), provided that such person or entity execute the Acknowledgment in Exhibit A prior to disclosure.

**6. Signing a Consent to be Bound by the Protective Order.**

6.1. As described in Section 5, above, certain persons must execute the Acknowledgment in Exhibit A and agree—before any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material are disclosed—to the terms of Exhibit A.

6.2. The signed Acknowledgement forms shall be deemed work product, and counsel for the Party who obtains the signed copies shall retain them during this Litigation.

6.3. In the event that any person who is required to sign Exhibit A refuses to sign it, counsel seeking to disclose the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material may seek written permission from the Designating Party, or from the Court, to disclose such material to such person upon good cause shown for such disclosure.

**7. Challenging Designations of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material.**

7.1. Any Party may challenge the designation of Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by providing written notice to the Designating Party identifying the Discovery Material it challenges and the basis for its challenge.

7.2. Within fourteen (14) days of receiving such notice, the Designating Party shall meet and confer with the challenging Party in good faith to resolve this dispute. If the Parties are unable to reach an agreement, within ten (10) days after the meet and confer, the Designating Party may file a motion, letter-motion or other application allowed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and/or any applicable Individual Rules to maintain the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation.

7.3. The Designating Party's motion, letter-motion or application regarding the

challenged material shall identify with specificity the CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material that is the subject of the motion but shall not disclose or reveal the contents of that material except in the manner prescribed above regarding redactions and sealed filings. If such a motion, letter-motion or application is made, all Discovery Material so designated shall maintain CONFIDENTIAL or HIGHLY CONFIDENTIAL status pending a ruling by the Court.

7.4. If the Designating Party fails to make a timely motion or application for continuing CONFIDENTIAL or HIGHLY CONFIDENTIAL treatment, the applicable Discovery Material shall be deemed non-confidential and no longer subject to the protections of this Order, upon which time the Designating Party shall re-produce such material, at its own expense, without a CONFIDENTIAL or HIGHLY CONFIDENTIAL designation.

7.5. The Designating Party retains the burden of establishing the propriety of its designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material. Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Discovery Material at issue.

7.6. A person not a Party to this Litigation may challenge a confidentiality designation at any time by way of the same procedure set forth above, but such person will have the burden of persuading the Court to remove such designation or to permit disclosure to such person.

**8. Inadvertent Failure to Designate.**

8.1. Except as provided in this paragraph, following a Producing Party's production or dissemination of Discovery Material, the inadvertent failure to designate particular Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of production or

8

dissemination shall not waive the Producing Party's right to later designate such material as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Within a reasonable time after making the later designation, the Producing Party must provide the Receiving Party with a replacement copy of the Discovery Material that is properly stamped, marked or otherwise identified as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Order.

8.2. No Receiving Party shall be deemed to have violated this Order if, prior to receiving notification of such later designation, the Receiving Party disclosed such Discovery Material or used it in a manner inconsistent with the later designation.

8.3. Once such later designation has been made, the relevant documents or materials shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Order. However, if the Discovery Material that inadvertently was not designated is, at the time of the later designation, already filed with a Court in the public record, the Disclosing Party that failed to make the designation shall be responsible for moving the Court for appropriate relief, such as partial redaction or sealing.

8.4. If an inadvertently omitted CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is first claimed during the course of a deposition, hearing, or other Court proceeding, the applicable Discovery Material may be used throughout the deposition, hearing, or Court proceeding as though no designation had been made but shall be treated as though such designation had been made immediately thereafter.

**9.     Privileged Material.**

9.1. Pursuant to Fed. R. Evid. 502(b) and Fed. R. Civ. P. 26(b)(5)(B), if Discovery Material subject to a claim of attorney-client privilege or attorney work product protection ("Protected Discovery Material") is inadvertently disclosed in connection with this Litigation,

9

the inadvertent disclosure of Protected Discovery Material shall not constitute a waiver or forfeiture of any claim of privilege or protection that a Party would otherwise be entitled to assert either in this Litigation or in any other federal or state proceeding with respect to the Protected Discovery Material.

9.2. If at any time prior to trial a Producing Party discovers that it inadvertently produced or disclosed Protected Discovery Material, it shall, as soon as practicable, notify the party receiving the inadvertently disclosed Protected Discovery Material of the inadvertent disclosure, identify all such Protected Discovery Material, and provide a specific explanation as to why such information is protected. Upon notice of a claim of inadvertent disclosure, the Receiving Party shall return, sequester, delete or destroy all copies of the Protected Discovery Material identified in the notice and, within a reasonable time after receiving notice, provide a written representation to the Producing Party that all such information was returned, sequestered, deleted or destroyed.

9.3. The Parties shall meet and confer to attempt to resolve disagreements regarding the Producing Party's assertion of any privilege or protection. If the Parties are unable to resolve the disagreement after meeting and conferring in good faith, within fourteen (14) days after the meet and confer, the party asserting the privilege or protection shall notify the Court of their unresolved dispute(s) and may file a motion or other application allowed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York and/or any applicable Individual Rules of Practice to seek resolution of the contested materials. Nothing herein restricts the right of the Receiving Party to use the Protected Discovery Material to challenge the Producing Party's claim of privilege or other protection in connection with the motion or other application referenced in the prior sentence.

9.4. Notwithstanding Paragraphs 9.1 – 9.3, Federal Rule of Evidence 502(a) applies in this Litigation. Further, a Producing Party may claw back Protected Discovery Material used by another party: (a) in a live deposition or pre-trial proceeding only contemporaneously with that Protected Discovery Material's use in that deposition or proceeding; or (b) in a Court filing only if it does so within ten (10) days of being served with that filing.

9.5. Within ten (10) business days of the notification that such Protected Discovery Material has been returned, sequestered, or destroyed, the Producing Party claiming the privilege or protection shall produce a privilege log with respect to the inadvertently disclosed Protected Discovery Material containing the information.

9.6. The Party claiming privilege or work product protection retains the burden of establishing the privileged or protected nature of any inadvertently disclosed Protected Discovery Material. Nothing in this paragraph shall limit the right of any Party or non-party to petition the Court for an *in camera* review of the Inadvertently Disclosed Protected Information.

**10. Further Requests for Production**

10.1. If, at any time, any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material in the possession, custody, or control of any person or Party other than the Designating Party is subpoenaed or requested for disclosure to any court, administrative agency, legislative body, or other person or entity, the person or Party to whom the subpoena or request is directed shall provide prompt written notice of the subpoena or request to the original Designating Party. If the Designating Party wishes to oppose the subpoena or request for production of such material, the person or Party to whom the subpoena or request is directed ordinarily shall not take any position concerning the propriety of such subpoena or request, nor shall the person or Party take a position adverse to the Designating Party regarding the discoverability of the

information sought.

10.2. Other than the obligation to comply with the requirements in the paragraph above, this Order is not intended to affect a person's or Party's obligation to respond to such subpoena or request.

**11. Miscellaneous.**

11.1. The Parties intend that this Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable Local Rules of the Court.

11.2. For purposes of computing any period of time under this Order, the provisions of Fed. R. Civ. P. 6 and the Local Rules shall apply.

11.3. This Order does not address, limit, or determine the relevance, discoverability, or admissibility into evidence of any documents.

11.4. The Parties do not waive any objections as to the production, discoverability, or confidentiality, privilege, or work-product protection of any documents.

11.5. Any person or Party may challenge the confidentiality designation, privilege, or work product protection of documents that were, are, or become public knowledge independent of this Litigation.

**12. Duties Upon Case Termination.**

12.1. This Order shall remain in full force and effect and each person or entity subject to this Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Order, in perpetuity. The Court shall not be divested of jurisdiction over any person or entity, or of the subject matter of this Order, under any circumstances, including the conclusion of the Litigation, filing of a notice of appeal, or other pleading which would typically have the effect of divesting the Court of jurisdiction.

12.2. Within sixty (60) days after the conclusion of all aspects of this Litigation, including any appeals, any Producing Party may make a written request of any Receiving Party that received Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL (a "Return or Destruction Request") to take either of the following steps at the Receiving Party's election:

    (a)    return such Discovery Materials to the Producing Party, including all copies not containing notes or attorney work product; or

    (b)    certify in writing to counsel for the Producing Party that the Receiving Party has destroyed those Discovery Materials containing such CONFIDENTIAL or HIGHLY CONFIDENTIAL information in a manner that will protect the confidentiality of the information.

12.3. If a Producing Party makes a valid Return or Destruction Request to a Receiving Party, then the Receiving Party shall comply with that request and shall certify such compliance to the Receiving Party within sixty (60) days of the making of that Request.

12.4. Notwithstanding these provisions, Receiving Parties and their counsel shall be permitted to retain a copy of court filings, papers served in connection with this Litigation, transcripts (including deposition transcripts), exhibits to such documents, and work product containing or reflecting CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material, subject to the ongoing duty to maintain the confidentiality of those documents in accordance with this Order.

### 13. Modification of Protective Order Permitted.

13.1. Any Party, for good cause, may apply to the Court for modification of this Order. The Parties may also stipulate in writing to amend this Order, subject to Court approval.

### 14. Application to Non-Parties and Absent Class Members.

14.1. Any non-party or Absent Class Member producing Discovery Material or giving

deposition testimony in this Litigation may avail themselves of the CONFIDENTIAL or HIGHLY CONFIDENTIAL treatment provided for in this Order for testimony or Discovery Material by following the procedures provided herein.

      14.2.    All counsel in this Litigation have the obligation to inform any non-party that expresses concern or makes inquiry pertaining to issues addressed by this Order of the existence of this Order and, if requested, to provide a copy of this Order to such non-party.

      14.3.    This Order shall be binding upon non-parties or Absent Class Members unless they object to it in writing within ten (10) days of its service upon them.

7475935.1

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: May 25, 2023

| | |
|---|---|
| **WITTELS MCINTURFF PALIKOVIC** | **OTTERBOURG P.C.** |
| By: /s/ J. Burkett McInturff<br>J. Burkett McInturff (JM-4564)<br>Ethan D. Roman (ER-5569)<br>305 BROADWAY, 7TH FLOOR<br>NEW YORK, NEW YORK 10007<br>Telephone: (917) 775-8862<br>Facsimile: (914) 775-8862<br>jbm@wittelslaw.com<br>edr@wittelslaw.com | By: /s/ William M. Moran<br>William M. Moran<br>Pauline McTernan<br>Andrew S. Halpern<br>230 Park Avenue<br>New York, NY 10461<br>(212) 661-9100<br>wmoran@otterbourg.com<br>pmcternan@otterbourg.com<br>ahalpern@otterbourg.com<br><br>*Attorneys for Defendant* |
| By: /s/ Jonathan Shub<br>Jonathan Shub<br>SHUB & JOHNS LLC<br>Four Tower Bridge<br>200 Barr Harbor Drive, Suite 400<br>West Conshohocken PA 19428<br>Telephone: (610) 477-8380<br>jshub@shublawyers.com<br><br>*Attorneys for Plaintiff*<br>*and the Proposed Class* | |

7475935.1

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  5/26/23
       White Plains, New York

_____
JUDGE KENNETH M. KARAS
United States District Judge