

**Wittels McInturff Palikovic**

October 13, 2023

**Via ECF**
Hon. Victoria Reznik
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

# MEMO ENDORSED

Re:     *Melville v. HOP Energy, LLC*, No. 21 Civ. 10406 (KMK) (VR)

Dear Judge Reznik,

On behalf of Plaintiff and the Proposed Class, we respectfully submit this discovery letter motion pursuant to Local Civil Rule 37.2 and Your Honor's Individual Rule 2.A.  As set forth below, Defendant HOP Energy, LLC ("HOP") is not meeting its discovery obligations.  Plaintiff therefore requests a pre-motion conference and that the Court order HOP to do the following within two weeks:

1.  Answer interrogatories seeking basic information about HOP's rate setting practices;

2.  Provide basic information about the identity and location of available data and documents;

3.  Provide basic information about HOP's proposed custodial data collection; and

4.  Identify non-privileged information relating to Defendant's litigation hold.[1]

## A.  Background and Procedural History

HOP provides home heating oil to consumers in eight states across the Northeast.  ECF 31 ("FAC") ¶ 1.  HOP's standardized form contract promises that heating oil customers like Plaintiff will be charged "our Promotional Prevailing Retail Price for First Year Customers for home heating oil that is in effect at the time of delivery."  *Id.* ¶¶ 7, 9.  Although "Promotional Prevailing Retail Price for First Year Customers" is capitalized, the terms are not defined.  *See* ECF 31-1 (HOP's contract with Plaintiff).  Judge Karas found this ambiguous, and therefore looked to parol evidence in a renewal letter HOP sent to Plaintiff.  The Court then held that HOP's contract "tie[s] the Contract price to the cost of oil by stating the Defendant's price fluctuates with the cost of oil and includes the phrase 'Prevailing Retail Price.'"  ECF 24 at 16.  Judge Karas further ruled that "[a] reasonably intelligent person could construe the use of the words 'promotional' and 'prevailing' in the phrase 'our Promotional Prevailing Retail Price' to indicate that Defendant's price would be discounted from, or, at the very least, not be markedly higher than, the prevailing retail price . . . ."  *Id.* at 17.

Plaintiff alleges that HOP breached its form contract by charging much more than the prevailing retail price in Connecticut, shown by three separate governmental sources of heating oil price data.

---

[1] Pursuant to Your Honor's Individual Rule 2.A, Plaintiff's counsel certifies that the parties held extensive telephonic meet and confers regarding the issues raised herein on September 6 (10:00 am, 50 minutes), 7 (1:30 pm, one hour), 14 (2:00 pm, 90 minutes), 15 (1:30 pm, 50 minutes), and 29 (11:00 am, 70 minutes).  The parties agreed on these calls that we are at impasse regarding the issues presented herein.

305 Broadway, Floor 7, NY, NY 10007  |  +1 914 775 8862  |  djb@wittelslaw.com  |  www.wittelslaw.com

FAC ¶¶ 1, 14–26.  The data sets all show closely aligned prevailing prices over 18 months; conversely, HOP's rates were **always** higher—on average between 42% and 46% higher.  *Id.* ¶ 15.

Alternatively, and because HOP claims the word "our" provides unfettered rate-setting discretion, Plaintiff alleges HOP breached the duty of good faith and fair dealing in exercising any discretion it may have had.  FAC ¶¶ 63–65.  Sustaining this claim, Judge Karas observed that the factfinder may conclude that "Defendant violated a 'duty of good faith' that it owed to less-informed consumers in providing something as universally necessary as utility services."  ECF 24 at 22.

Discovery commenced after Judge Karas's dismissal ruling.  Plaintiff served initial discovery requests on April 10.  In May, Judge Karas endorsed the parties' proposed January 18, 2024, fact discovery deadline.  ECF 43.  Despite this looming deadline, HOP has still not identified the contracts at issue in this litigation notwithstanding your Honor's July 19 Order do so by *July 26* (ECF No. 54), has refused to respond to routine discovery issues, and has failed to engage in basic preliminary discovery.

### B.  Overview of the Discovery Disputes Presented in This Letter Motion

#### 1.  HOP Must Provide Basic Information About its Rate Setting Practices

Plaintiff seeks: (1) the identity of the categories of data and documents HOP relies on or references when setting any heating oil rates (including variable, promotional, fixed, capped, and prebuy rates); and (2) a description of HOP's wholesale purchasing practices.  **Ex. A**, HOP's Resp. to Interrogs. 1–2, pp. 4–5.  This discovery is clearly relevant to Plaintiff's claims and Judge Karas's contract construction that ties "the Contract price to the cost of oil."  ECF 24 at 16.  The documents HOP uses to set prices are germane to Plaintiff's claim that HOP's prices are in not fact based on the market price of oil.[2]   HOP's purchasing practices will shed light on HOP's cost of oil.  In response, HOP offers only boilerplate objections and the inaccurate claim that Plaintiff exceeded the allotted number of interrogatories.  Ex. A at 4–5.  But it is well settled that once relevance is established, "[g]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information."  *Hicks v. Leslie Feely Fine Art, LLC*, 20 Civ. 1991 (ER), 2021 WL 3617208, at *3 (S.D.N.Y. Aug. 13, 2021) (quotation omitted).  "Rather, a party resisting discovery has the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Id.* (quotation omitted).  Moreover, HOP's claim about the number of interrogatories is simply wrong.[3]

---

[2] Courts have used this discovery in highly similar cases for breach of contract claims against energy companies.  *See Mirkin v. XOOM Energy, LLC*, 18 Civ. 2949 (ARR) (RER), 2023 WL 5200294, at *7 (E.D.N.Y. Aug. 14, 2023) (evidence of documents considered at rate setting meetings used in ruling on summary judgment).  Moreover, courts routinely hold that evidence of rate types not at issue are relevant to a breach claim and damages.  *See Stanley v. Direct Energy Servs.*, LLC, 466 F. Supp. 3d 415, 427 (S.D.N.Y. 2020) (Judge Karas holding that a fixed rate can be used to show "that [d]efendant's variable rate was untethered to wholesale market supply costs"); *Mirkin v. XOOM Energy, LLC*, 18 Civ. 2949 (ARR) (RER), 2023 WL 5622099, at *7 (E.D.N.Y. Aug. 31, 2023) (accepting damages model based on fixed rates at class certification).

[3] HOP objects that Plaintiff exceeded 25 interrogatories because they include subparts.  But subparts count as separate requests only if they are "logically or factually independent of the question posed by the basic interrogatory." *Torcasio v. New Canaan Bd. of Educ.*, 15 Civ. 53, 2016 WL 299009, at *11 (D. Conn. Jan. 25, 2016); *see also Roelcke v. Zip Aviation, LLC*, 15 Civ. 6284 (JGK) (JLC), 2020 WL 5752228, at *1 (S.D.N.Y. Sept. 25, 2020).  Because the supposed "subparts" of the interrogatories "are all logically or factually subsumed and necessarily related to the primary question" in each, *id.*, HOP must withdraw this objection and answer the interrogatories.

---

### 2.   HOP Must Provide Basic Information About its Available Data and Documents

Discovery requires HOP to disclose basic and uncontroversial information about sources of available data and documents.  *See William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 136 (S.D.N.Y. 2009) ("Electronic discovery requires cooperation between opposing counsel and transparency in all aspects of preservation and production of ESI.").  Here, Interrogatory No. 3 asks HOP to identify the categories of documents and data containing basic information about Class Members.  Ex. A at 5–6.  Even a cursory review of the data categories listed in the interrogatory shows that virtually all these data points are likely in a database or other readily accessible location.  HOP nevertheless recycles its boilerplate objections.  *Id.*

Similarly, as part of Rule 26(f) discovery planning Plaintiff seeks disclosure of: (1) the steps HOP has taken to preserve data; (2)  HOP's sources of potentially relevant data; (3) the programs and manner in which the data is maintained; (4) identification of computer system(s) used; and (5) identification of the individual(s) responsible for data preservation.  Ex. B at 23–24.  These topics are foundational to efficient discovery.  Plaintiff requested this information on July 12 after HOP's prior counsel claimed that it was unable to locate basic discovery and renewed the request on September 27.  These topics were drawn from, and hew closely to, Section 5(a) of Your Honor's Model Joint Electronic Discovery Submission and Proposed Order (the "Model ESI Order").  Yet, HOP has failed to provide complete information on these topics notwithstanding that the parties have agreed to negotiate the data sources HOP will collect for ESI searches.  ECF 76 at 4.

### 3.   HOP Must Provide Information About Its Data and Document Collection

HOP also refuses to provide basic information about its ESI collection.  Specifically, Plaintiff seeks: (1) for custodial email accounts, the name of the accounts and date range of available emails; and (2) for ESI collected from shared drives, any date limitations HOP imposed, the total volume of data collected from the source, and the total volume of data HOP intends to exclude from its collection.  These topics also largely track Your Honor's Model ESI Order.  *See* § 6(a).  There is good reason for this, as former S.D.N.Y. Magistrate Judge Francis aptly noted "[t]ransparency transcends cooperation" and cooperation "does not mean merely that parties must discuss issues concerning the discovery of ESI; it requires that they disclose information sufficient to make those discussions, as well as any court review, meaningful."  *In re Diisocyanates Antitrust Litig.*, 2021 WL 4295729, at *7 (W.D. Pa. Aug. 23, 2021).  HOP must provide this information.

### 4.   HOP Must Identify Non-Privileged Information Relating to Its Litigation Hold

Plaintiff seeks "[t]he non-privileged metadata of HOP Energy's litigation hold documents, including the identity of the hold recipient."  **Ex. B** at 24, HOP's Resp. to Plaintiff's First Req. for the Prod. of Docs.  HOP objects only on relevance and overbreadth grounds.  *Id.*  To be clear, Plaintiff does not seek the litigation hold letters themselves, and specifically requests only *non-privileged* information.  Indeed, § 5(b) of Your Honor's Model ESI Order directs parties to disclose "the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of 'litigation hold' communications."  Plaintiff seeks even less information than what is covered by the Model ESI Order, as Plaintiff only seeks the metadata of the litigation hold documents, not the holds' "contents."

Thank you for the Court's consideration of this matter.

Hon. Victoria Reznik                                                    Page 4 of 4


                                            Respectfully submitted,

                                            /s/ Daniel J. Brenner
                                            Daniel J. Brenner


cc:      All counsel of record (via ECF)



In light of this submission, the telephonic status conference
currently scheduled for Friday 10/20/23 is rescheduled to
Tuesday 10/31/23 at 10:30 am. The parties are to dial in to the
AT&T conference line at 877-336-1839, enter access code
5999739, and press # to enter the conference. At this
conference, the Court intends to address the issues raised in
the parties' 10/10/23 Joint Status Letter (ECF No. 75) and the
issues raised in Plaintiff's 10/13/23 Letter-Motion (ECF No. 77).

Defendant is reminded that a response to Plaintiff's 10/13/23
Letter-Motion (ECF No. 77) is due on Friday 10/20/23,
pursuant to Rule 2.A. of Judge Reznik's Individual Practices.


SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 10/16/23