

Nixon Peabody LLP
Exchange Place, 53 State Street
Boston, MA  02109-2835

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Matthew T. McLaughlin**
Partner

T / 617.345.6154
F / 866.440.6480
mmclaughlin@nixonpeabody.com

March 28, 2024

**VIA ECF**

Honorable Victoria Reznik
United States District Court
300 Quarropas Street
White Plains, NY 10601

    Re:    *Melville v. HOP Energy, LLC*, No. 21-Civ-10406-KMK-VR

Dear Judge Reznik:

    We represent Defendant HOP Energy, LLC ("HOP") in the above action and submit this response, in accordance with Section 2A of Your Honor's Individual Practices, to Plaintiffs' letter dated March 21, 2024 (DE #116) (the "Letter") requesting a pre-motion conference.

    HOP opposes Plaintiffs' request to conduct a Rule 30(b)(6) deposition—and that such deposition not count toward Plaintiffs' seven-hour limit—at this stage of the litigation.

    First, HOP has worked diligently on providing expansive discovery requested by Plaintiffs.  Specifically, and as Plaintiffs concede in their Letter, HOP has produced to Plaintiffs their requested data for millions of transactions directly from HOP's sales database. In response to follow-up questions by Plaintiffs regarding the database, HOP provided substantive answers. Plaintiffs do not allege, nor can they, that HOP has withheld any requested information from HOP's sales database.  The fact that the data evidently does not align with Plaintiffs' unsupportable allegations does not justify unnecessary and untimely deposition practice.

    Second, after attempting to work with Plaintiffs to identify a suitable sample of customer contracts to produce as well as attempting to negotiate a stipulation related to the terms in HOP's customer contracts, HOP agreed to, and did, produce *all* of its customer contracts to Plaintiffs so that Plaintiffs could conduct whatever analysis they deemed appropriate of the contract terms.  As Your Honor pointed out during the October 31, 2023 conference, if HOP were to produce all of its customer contracts to Plaintiffs—which it has now done—Plaintiffs would have all of the information they sought to obtain through a Rule 30(b)(6) deposition.  *See* Letter, Ex. C at 8:13—8:19 (THE COURT: "[L]et's say they gave you all 200,000 contracts . . . Then presumably you would able to sort—it would be a big task perhaps—but you'd be able to sort them by geographical region, by time period, and then I guess you'd have to do—you'd see chronologically how they'd change.").

    Third, and most recently, in order to expedite the discovery of the large volume of search hits produced from Plaintiffs' requested search terms, HOP agreed—after Your Honor's

4861-8127-4290.1

Honorable Victoria Reznik
March 28, 2024
Page 2

suggestion during the parties' March 6, 2024 conference—to proceed with a production of the search-hit documents to Plaintiffs without conducting a responsiveness review in the first instance so that the parties could review the potentially relevant documents simultaneously over the next several months *before* conducting depositions.

Indeed, this was precisely the sequencing that Your Honor, and the parties, agreed to during the conference:

> THE COURT: So if the parties aren't wedded to that April 18th deadline, it sounds like it would make sense to negotiate a more realistic deadline for the parties to be able to get the documents produced. To me it sounds like what would make sense is to negotiate a deadline for substantial completion of these documents after meeting and conferring about a more manageable way to produce them and in as fast and efficient way as possible *then have some time after that substantial completion deadline for these fact depositions that you want to take so you have room built into your schedule to be able to review the documents and then notice depositions*.
>
> Do the parties agree that's a reasonable way to want to proceed, Mr. McInturff?
>
> MR. MCINTURFF: Yes, your Honor.
>
> THE COURT: Mr. McLaughlin?
>
> MR. MCLAUGHLIN: Yes.

*See* Transcript, March 6, 2024 conference, attached hereto as Exhibit A, at 13:5—13:20 (emphasis added). *See also* Ex. A at 17:20—18:4 (THE COURT: "How much time do you expect, Mr. McInturff, after getting the substantial completion of documents that you would want to build in for noticing and taking all the depositions, the fact depositions? MR. MCINTURFF: You know . . . I think two to three months is an aggressive but realistic schedule."); *see also* Ex. A at 5:15—5:16 (MR. MCINTURFF: "we need to wait for documents to be produced before we can start noticing depositions.").

Plaintiffs cite no basis to depart from this sequencing. Putting aside the fact that Plaintiffs possess all of the information from HOP's database sought in their proposed Rule 30(b)(6) deposition, it would be completely inefficient for the parties to proceed with deposition testimony—and for HOP to have to prepare a witness for such testimony—while HOP is properly focused on conducting its privilege review and thereafter will be focused on a substantive review (along with Plaintiffs) of the documents it produces to Plaintiffs. The parties purposely built in a 2-3 month period *after* production and review of documents to conduct depositions, and the Court should not permit Plaintiffs' to unilaterally disrupt that agreed-upon plan, particularly where—by Plaintiffs' own admission—the requested deposition has no bearing on any other written discovery.

4861-8127-4290.1

Defendant is prepared to participate in a pre-motion conference with the Court regarding this matter.

Respectfully submitted,

*s/ Matthew T. McLaughlin*
Matthew T. McLaughlin

cc:  Counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed electronically with the Court through the Electronic Case Files system on March 28, 2023, will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF").

*/s/* Matthew T. McLaughlin
Matthew T. McLaughlin

4861-8127-4290.1