

Nixon Peabody LLP
Exchange Place, 53 State Street
Boston, MA 02109-2835

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Matthew T. McLaughlin**
Partner

T / 617.345.6154
F / 866.440.6480
mmclaughlin@nixonpeabody.com

April 24, 2024

<u>**VIA ECF**</u>

Honorable Victoria Reznik
United States District Court
300 Quarropas Street
White Plains, NY 10601

      Re:    *Melville v. HOP Energy, LLC*, No. 21-Civ-10406-KMK-VR

Dear Judge Reznik:

      We represent Defendant HOP Energy, LLC ("HOP") in the above action and submit this response, in accordance with Your Honor's April 17, 2024 Order (the "Order"), to provide HOP's position on Plaintiffs' request that this case be consolidated with *Mullaney v. HOP Energy, LLC*, No. 23-Civ-7318 ("*Mullaney*"). For the reasons stated herein, HOP opposes consolidation.

      As noted in the Order, Plaintiffs first raised the issue of consolidation with the Court in their reply memorandum in support of their motion to be appointed interim co-lead counsel, *see* DE #107, and only then in an attempt to avoid the consequence that Plaintiffs' counsel have an inherent conflict because they cannot simultaneously represent a class against the same defendant in a different proceeding. *See* DE #105 at 8. In their reply, Plaintiffs cited to *Anderson v. Fiserv, Inc.* as supposed "caselaw from this District confronting and expressly rejecting" HOP's argument. 2010 WL 57812 (S.D.N.Y. Jan. 29, 2010). However, Judge Maas in fact made clear in *Anderson* that a "*conflict clearly would exist* if there were a risk that the Defendants' assets would not suffice to satisfy the claims of the plaintiffs in both the" lawsuits, which risk clearly exists in this case. *Id.* at *4. (emphasis added). Similarly, Plaintiffs relied on *Fan v. PHL Variable Life Ins. Co.*, No. 18 CIV. 1288 (PAC), 2019 WL 10948633, at *4 (S.D.N.Y. May 29, 2019), to support their position. However, in *Fan*, the defendant advised the Court that if the cases were not consolidated that it would "have to respond to two different sets of discovery requests largely about the same issue, resulting in needless duplication of effort and inefficiencies." Even then, the Court only agreed to consolidate "absent an objection from any party." *Id.* at *3.

      Leaving aside the conflict issue, consolidation simply is not necessary here. The parties already agreed that discovery would be coordinated between the two cases such that there will be no duplication of effort. Likewise, the two cases are already both pending before Your Honor, and the cases have identical case schedules. Thus, "consolidation is not necessary to achieve efficiencies." *Leopold v. U.S. Dep't of Just.*, No. 21-CV-0558 (APM), 2021 WL 2073352, at *2 (D.D.C. May 24, 2021) (denying motion to consolidate where informal coordination would

provide similar efficiencies); *Teske v. Paparazzi, LLC*, No. 4:22-CV-00035-DBB-PK, 2022 WL 17128910, at *1–2 (D. Utah Nov. 22, 2022) (denying motion to consolidate and finding "consolidation is unnecessary for judicial economy or to address the parties' desire to coordinate discovery and to avoid a potential for inconsistent rulings").

The Court should not consolidate this case with the *Mullaney* case.

Respectfully submitted,

*s/ Matthew T. McLaughlin*
Matthew T. McLaughlin

cc: Counsel of Record (via ECF)

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, which was filed electronically with the Court through the Electronic Case Files system on April 24, 2024, will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF").

*/s/* Matthew T. McLaughlin
Matthew T. McLaughlin

4863-7183-2505.1