

**MEMO ENDORSED**

April 30, 2024

<u>Via ECF</u>
Hon. Victoria Reznik
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:     *Melville v. HOP Energy, LLC*, No. 21 Civ. 10406 (KMK) (VR)

Dear Judge Reznik,

Counsel for Plaintiff and the Proposed Class and Defendant submit this joint status letter in accordance with the Court's March 25, 2024 Order.

*Plaintiff's Position*

Defendant continues to delay document discovery to the substantial prejudice of Plaintiffs and the Proposed *Melville* and *Mullaney* Classes.

Though discovery started in May 2023, Defendant took several months to engage in ESI discussions, with the Court not being able to enter an ESI Protocol until December 21, 2023. ECF 91. The ESI Protocol required agreement on search terms followed by agreement on whether Defendant would manually review the search hits or implement technology assisted review. *Id.* § 6(n). On January 11, 2024, search terms were finalized and thereafter Defendant opted to perform a manual review. *See* Ex. A.

Under the court-ordered ESI Protocol, Defendant was required to produce documents on a rolling basis every 21 days. ESI Protocol, § 6(n). After more than four weeks and having received **nothing**, on February 9 Plaintiff sought the status of Defendant's document review. Defendant then promised its first rolling production by February 19. That small production (less than 1% of the search hits) not come until March 1—50 days after the parties finalized search terms. *See* Ex. B, March 6, 2024 Tr. at 4:12–16. Because of Defendant's repeated delays, Your Honor ordered the parties confer regarding discovery planning. *Id.* at 22:15–21.

As part of the conferral Defendant agreed to produce all search hits, subject to a privilege clawback, **no later than April 12, 2024**. This agreement was memorialized in a March 22 joint status letter to Your Honor. ECF 117. Based upon Defendant's commitment, Your Honor directed the parties seek a discovery extension from Judge Karas. ECF 118. With the understanding that Defendant would complete production by April 12—the parties sought to extend the discovery deadline to August 9 and the expert discovery deadline to December 13. ECF 119. Judge Karas authorized the extension but noted that "there will be no further such extensions." ECF 120.

Unfortunately, Defendant has not even come close to complying with its agreement to complete document production by April 12. On April 12, Defendant failed to produce the vast

majority of documents owed to Plaintiff. In the week after April 12, Plaintiff's counsel called defense counsel three times, leaving a message each time. Defense counsel failed to respond. Finally, on April 19, a week after the April 12 deadline, Plaintiff advised that it would bring this matter to the Court's attention. *See* Ex. C.

Only then did Defendant respond, revealing for the first time that it hoped to complete productions by May 10. That is ***four weeks late***, assuming no further delays. Defendant offers no justification for its delay, other than blaming its ESI vendor for foreseeable limitations. Defendants' lackadaisical approach to discovery is substantially prejudicing Plaintiff on a tight discovery schedule that Judge Karas has stated will not be extended.

Separately, in Defendant's most recent letter,[1] it revealed on the record that it may not have sufficient funds to satisfy the claims of the *Melville* and *Mullaney* cases. ECF 123. Defendant is the second-largest home heating company in the U.S. Defendant is owned by two private equity firms and in 2023 HOP was issued a $75 million credit facility that is designed to "provide additional liquidity to support the future growth expectations of the business."[2] The financial firm offering the credit facility noted HOP's "ongoing business growth[.]"[3] Indeed, a partner of one of HOP's private equity owners was "pleased" to have the credit facility "to aid in our plans to grow HOP over the coming years[.]"[4] It is unsettling that Defendant, almost 2.5 years after this litigation was filed, would suddenly claim that honoring the heating oil pricing term in its customer contract would threaten its viability as a going concern, especially in light of its dominant market force, substantial recurring revenue, and backing of large private equity firms and financial institutions.

The combination of Defendant's repeated violation of discovery deadlines, its mid-litigation change of counsel followed by it not-so-subtle threats of a reverse auction class action settlement, and its newly-announced claim—2+ *years* after this case began—that re-rating customers to comply with its customer contract could render it insolvent, suggests a concerted effort to interfere with the fair administration of justice. Defendant knows what its assets and liabilities are, is well aware of the size and scope of Classes, and appreciates that over a year ago Judge Karas ruled that a reasonable construction of Defendant's contract would require it to re-rate customers at a price that "would be discounted from, or, at the very least, not be markedly higher than, the prevailing retail price in the region." Op. Denying Mot. to Dismiss, ECF 24, at 17. Considering Defendant's newly revealed financial condition, Plaintiff is evaluating measures to protect the Class, including whether an injunction against Defendant's further disposition of customer funds, or another remedy, is appropriate.

---

[1] Defendant's letter responded to Plaintiff's suggestion that the Court consolidate *Melville* and *Mullaney*. Defendant offered no reason why the cases should not be consolidated (they should), instead only arguing that consolidation was superfluous.

[2] https://www.prnewswire.com/news-releases/mountain-ridge-capital-and-great-rock-capital-team-up-to-provide-75-million-revolving-credit-facility-for-hop-energy-301733395.html

[3] *Id.*

[4] *Id.*

*Defendant's Position*

Plaintiffs continue to mischaracterize the history of discovery in this case, which as the Court knows, has been well-documented in prior submissions to the Court and addressed substantively over the course of several telephonic hearings. With respect to Defendant's ongoing production of documents, Plaintiffs disingenuously suggest that Defendant "failed to respond" to Plaintiffs' repeated communications. In fact, Plaintiffs called one attorney at Nixon Peabody, William Wynne, during the week of April 15, when Mr. Wynne was away from the office on a family vacation (as his out-of-office message explained). Plaintiffs first e-mailed the undersigned on April 19, 2024, and we responded with an update the same day, followed by a more detailed update—as set forth below—early the next week as soon as we received it from our ESI vendor.

With respect to Defendant's production of documents, as Defendant's counsel informed the Court during the April 12, 2024 status conference, counsel had directed its ESI vendor to prepare all non-privileged documents for production to Plaintiffs as soon as possible. While Defendant was focused upon that production, Plaintiffs requested that all documents previously marked responsive be produced separately from the larger non-privileged production, which Defendant accommodated and produced on April 12, 2024. However, that accommodation shifted Defendant's focus and took time away from Defendant's larger production. Defendant's vendor subsequently informed us that the size of the production exceeded the vendor's available server resources, and that the production would have to be divided into a number of sub-productions. Defendant has provided Plaintiffs updates on the status of discovery as soon as we have received them from the vendor. Since April 12, 2024, Defendant has made ten productions to Plaintiffs consisting of 362,417 documents/1.85 million pages/101.87 GB. Defendant's vendor has advised Defendant, and Defendant previously communicated to Plaintiffs, that the production would be complete on or before May 10, 2024. It bears noting that Defendant's counsel is receiving the productions at the same time it simultaneously produces them to Plaintiffs, and Defendant has as much interest as Plaintiffs in obtaining the materials for review.

Plaintiff's other spurious claims—unrelated to the status of discovery as requested by the Court—are obviously nothing more than Plaintiffs' continued, transparent attempts to gain leverage over settlement discussions.

Thank you for the Court's attention to this matter.

Respectfully submitted,

| **WITTELS MCINTURFF PALIKOVIC** | **NIXON PEABODY LLP** |
|---|---|
| By: _/s/ J. Burkett McInturff_<br>J. Burkett McInturff<br>Ethan D. Roman<br>Daniel J. Brenner | By: _/s/ Matthew T. McLaughlin_<br>Matthew T. McLaughlin |
| 305 Broadway, 7th Floor<br>New York, NY 10007<br>(914) 775-8862<br>(914) 775-8862 (fax)<br>jbm@wittelslaw.com<br>edr@wittelslaw.com<br>djb@wittelslaw.com | Exchange Place<br>53 State Street<br>Boston, MA 02109<br>(617) 345-1000<br>(617) 345-1300 (fax)<br>mmclaughlin@nixonpeabody.com<br><br>*Attorneys for Defendant* |

**SHUB & JOHNS LLC**
Jonathan Shub
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
West Conshohocken, PA 19428
jshub@shublawyers.com

*Attorneys for Plaintiff and the Proposed Class*

The Court thanks the parties for this update and directs the parties to submit another joint status letter by Monday, 5/13/24. In that letter, the parties should include an update on Defendant's ESI production.

Dated: 5/1/24

SO ORDERED.

_/s/ Victoria Reznik_
Hon. Victoria Reznik, U.S.M.J.