UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RYAN MELVILLE,
On behalf of himself and all others similarly situated,

                        Plaintiffs,

                -against-

HOP ENERGY, LLC,

                        Defendant.
------------------------------------------------------------------X

MICHELLE MULLANEY and ROBERT MULLANEY,
On behalf of themselves and all others similarly situated,

                        Plaintiffs,

                -against-

HOP ENERGY, LLC.

                        Defendant.
------------------------------------------------------------------X

**OPINION & ORDER**

21-cv-10406
23-cv-7318

VICTORIA REZNIK, United States Magistrate Judge:

    Before the Court are Plaintiffs' motions to appoint their counsel, Wittels McInturff Palikovic and Shub & Johns LLC, as interim co-lead class counsel in *Melville* and *Mullaney* under Rule 23(g)(3) of the Federal Rules of Civil Procedure. Plaintiffs also request that *Melville* and *Mullaney* be consolidated. For the reasons below, the motions are **GRANTED**, and the two cases are consolidated for all purposes.

    The Court presumes the parties' familiarity with the factual and procedural background of the case.

1

**DISCUSSION**

I.        **Necessity of Interim Class Counsel**

Rule 23(g)(3) provides that a court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Courts generally appoint interim class counsel where there are overlapping, duplicative, or competing suits pending in other courts, and multiple attorneys may be vying for class counsel appointment. *Mogull v. Pete & Gerry's Organics, LLC*, No. 21 CV 3521 (VB), 2022 WL 4661454, at *1 (S.D.N.Y. Sept. 30, 2022) (citing *Sullivan v. Barclays PLC*, 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013).[1] Thus, when one class action suit "overlaps" with another filed in a different jurisdiction, the Court may find it necessary to appoint interim class counsel "to safeguard the interests of the class." *Mogull*, No. 21 CV 3521 (VB), 2022 WL 4661454, at *1 (S.D.N.Y. Sept. 30, 2022).

Aside from *Melville* and *Mullaney*, HOP Energy also faces a proposed class action pending in the Eastern District of Pennsylvania, titled *Callery v. HOP Energy, LLC,* No. 20 Civ. 3652 (E.D. Pa.). (ECF No. 99 at 6).[2] As of January 25, 2024, *Callery* was still in early discovery and no motions for class certification or summary judgment had been filed. (*Id.*) Plaintiffs' counsel has consistently argued that the *Melville* and *Mullaney* cases do not materially overlap with *Callery*, because – among other reasons – *Callery* involves customer contracts with "capped" pricing, not "variable" pricing. (*Id.* at 7, 10). Plaintiffs' counsel also point out that Judge Karas denied Defendant's earlier request to stay *Melville*[3] based on the pending *Callery*

---

[1] Unless otherwise stated, all internal quotation marks, citations, footnotes, and alterations are omitted.
[2] The parties filed virtually identical motion papers in *Melville* and *Mullaney*. Unless otherwise stated, all ECF Nos. refer to those assigned to filings in *Melville*, not *Mullaney*. All page numbers refer to the ECF pagination printed in blue at the top of each ECF filed page.
[3] Judge Karas issued this order on May 11, 2023. (ECF No. 39 at 4). The *Mullaney* case was not filed until August of 2023. (ECF No. 7 (*Mullaney*)).

case, because he found that the claims and rights raised in the two actions "differ substantially." (ECF No. 39 at 3; 99 at 7). If Plaintiffs are right that these cases are different enough from one another, then appointment of interim class counsel arguably would be unnecessary. But therein lies the problem. Defendant has a more expansive view of *Callery* and highlights the way the cases overlap. (ECF No. 105 at 8 – 9). According to Defendant, a "comparison of the nearly-identical contracts attached to each of the complaints underscores the overlapping nature of the cases: each plaintiff was a 'capped price program' customer, and each plaintiff's agreement provided that the customer would pay HOP's 'prevailing retail price' upon the expiration of the contract term or when HOP delivered the designated number of gallons to the customer." (*Id.*)

Understandably, the Plaintiffs in *Melville* and *Mullaney* are concerned that the Defendant's broader view will lead to the negotiation of a settlement in *Callery* that extinguishes all or part of their claims in *Melville* and *Mullaney*. In fact, during a January 9, 2024, conference, when directly asked if he would do so, Defense counsel hedged on whether he would settle any aspect of the *Melville* and *Mullaney* cases as part of a settlement with the plaintiffs in *Callery*. (ECF No. 100-3 at 13 – 15). Thus, this Court finds that it would protect the putative classes in *Melville* and *Mullaney* to appoint interim class counsel, as it ensures that they will be adequately represented in any settlement involving *Callery*.

## II.     Adequacy of Proposed Interim Class Counsel

Once the Court finds it necessary to appoint interim class counsel, it must then determine whether the proposed interim counsel will fairly and adequately represent the putative class's interests. *Mogull*, No. 21 CV 3521 (VB), 2022 WL 4661454, at *1. To do so, courts generally apply the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A). *Id; see also Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016). Those factors include:

3

>    (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).  The Court may also consider any other matter pertinent to counsel's ability to represent the interests of the class fairly and adequately.  Fed. R. Civ. P. 23(g)(1)(B).

Defendant does not dispute that Plaintiffs' counsel meet the Rule 23(g)(1)(A) factors.  Indeed, Wittels McInturff Palikovic and Shub & Johns have vigorously litigated this case on behalf of the putative class, including successfully defeating HOP Energy's motion to dismiss and motion to stay and bifurcate discovery.  (ECF Nos. 24, 39).  They negotiated a protective order and ESI protocol, engaged in extensive (and ongoing) document discovery, and participated in a full-day mediation.  (ECF No. 99 at 15).  Also, Plaintiffs' counsel are experienced class action attorneys, who have litigated large-scale consumer class actions, including those involving deceptive energy practices.  (*Id.* at 12 – 20; ECF Nos. 100-4; 100-5).  And there is no reason to think that Plaintiffs' counsel will not continue to commit all necessary resources to these cases.  (ECF Nos. 99 at 10 – 20; 100-4; 100-5).

Instead, Defendant argues that Plaintiffs' counsel would be inadequate as interim class co-counsel because there is an inherent conflict in their representation of both the *Melville* and *Mullaney* classes.  As Defendant points out, the two classes are "seeking recovery from a single pool of HOP's assets, including the potentially available insurance coverage" (ECF No. 105 at 12), in two lawsuits against the same Defendant.  As a result, Defendant argues that an inherent conflict exists between the two proposed classes, which makes Plaintiffs' counsel improper class counsel.  (*Id.*)  But judges in this District routinely appoint interim class counsel even if they represent multiple classes against the same defendant. *Fan v. PHL Variable Life Ins. Co.*, No. 18 CIV. 1288 (PAC), 2019 WL 10948633, at *3 (S.D.N.Y. May 29, 2019) (consolidating two

related S.D.N.Y cases and appointing one law firm as interim class counsel); *Anderson v. Fiserv, Inc.*, No. 09 CIV. 5400(BSJFM), 2010 WL 571812, at *4 (S.D.N.Y. Jan. 29, 2010) (appointing one law firm as interim class counsel even though firm also represents a different class suing some of the same defendants in Colorado).  In *Anderson* and *Fan*, the courts emphasized that there must be some type of demonstrable conflict beyond just the fact that Plaintiffs' counsel represent multiple interested parties.  *Fan*, No. 18 CIV. 1288 (PAC), 2019 WL 10948633, at *3 (appointing one firm to serve interests of two classes against same defendant because the "interests of both classes are not, at least at this preliminary stage, in conflict."); *Anderson*, No. 09 CIV. 5400(BSJFM), 2010 WL 571812, at *4 ("A conflict clearly would exist if there were a risk that the Defendants' assets would not suffice to satisfy the claims of the plaintiffs in both the New York and Colorado suits. Here, however, no such allegation has been made.") (internal citations omitted).

   As noted above, Defendant mentions that the Plaintiffs in *Melville* and *Mullaney* would both be seeking recovery from "a single pool of HOP's assets, including the potentially available insurance coverage."  (ECF No. 105 at 12).  In their April 24 letter they add that, a "risk clearly exists in this case," that their assets would not suffice to satisfy the claims in both lawsuits. (ECF No. 123 at 1).  But beyond asserting that HOP's insurance carrier "considers the three litigations as a single claim under the claims-made insurance policy at issue and is defending the lawsuits under a reservation of rights under the applicable policy" (ECF No. 106 at ¶ 6), Defendant presents no evidence that Defendants' assets would not suffice to satisfy the claims of all plaintiffs.  *See, e.g., Anderson*, No. 09 CIV. 5400(BSJFM), 2010 WL 571812, at *4 (finding no actual conflict even though "plaintiffs in both actions would be vying for the same funds").

Indeed, Defendant presents little evidence of an actual conflict, beyond the fact that both cases involve recovery from the same Defendant.[4]

Thus, based on the information presented by the parties, the Court does not agree that Plaintiffs' counsel is conflicted from serving as interim class co-counsel in both *Mullaney* and *Melville*. But this Court emphasizes that Plaintiffs' counsel are being appointed only as *interim* class co-counsel. If a conflict later develops, this Court can reconsider its preliminary determination. *Anderson*, No. 09 CIV. 5400(BSJFM), 2010 WL 571812, at *4.

### III.  Consolidation of *Melville* and *Mullaney*

Rule 42(a) of the Federal Rules of Civil Procedure authorizes the Court to consolidate any actions that "involve a common question of law or fact." The Court has "broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *see also Hall v. Hall*, 584 U.S. 59, 77 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). As the Supreme Court has explained, "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Hall*, 584 U.S. at 70 (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)).

In their reply papers, Plaintiffs seek consolidation of *Melville* and *Mullaney* because they involve "almost identical questions of fact and law." (ECF No. 107 at n. 5). In response, Defendant argues that the cases should not be consolidated because Plaintiffs' counsel is conflicted and because consolidation is unnecessary given that discovery for both cases is being

---

[4] In their portion of a joint status letter submitted on April 30, 2024, Plaintiffs noted that Defendant is the "second-largest home heating company in the U.S." and recently "was issued a $75 million credit facility" to support future growth. (ECF No. 124 at 2). Defendants did not directly respond to this point in their portion of the joint letter. (*Id.*)

coordinated under identical schedules. (ECF No. 123). But for the reasons explained in Section II above, this Court does not agree that Plaintiffs' counsel is conflicted. And although Judge Karas recently set identical discovery schedules in *Melville* and *Mullaney*, in this Court's view that does not make consolidation unnecessary but reflects its appropriateness. As noted above, when two cases overlap and "involve a common question of law and fact," consolidation is proper. Fed. R. Civ. P. 42(a). In Defendant's April 24 letter providing their position on consolidation, they do not argue that *Melville* and *Mullaney* involve different questions of law and fact. (ECF No. 123). Nor could they, as both cases similarly allege breach of contract claims against the same Defendant, on behalf of classes of consumers in the same eight states, stemming from Defendant's similar practice of selling heating oil at "prevailing" prices. (ECF Nos. 31 at 2, 18 – 19; 99 at 6 (*Melville*); 7 at 2, 18 – 19 (*Mullaney*)). Thus, this Court finds that consolidating both cases is appropriate.

## CONCLUSION

For the reason's above, Plaintiffs' motion is GRANTED. For *Melville* (21-cv-10406), the Clerk of Court is respectfully requested to close out ECF No. 98. For *Mullaney* (23-cv-7318), the Clerk of Court is respectfully requested to close out ECF No. 16. Lastly, the Clerk of Court shall consolidate *Melville* (21-cv-10406) and *Mullaney* (23-cv-7318) for all purposes.

**SO ORDERED.**

DATED:      White Plains, New York
            May 17, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge