# Wittels McInturff Palikovic

July 17, 2024

**<u>Via ECF</u>**
Hon. Victoria Reznik
United States District Court
300 Quarropas St.
White Plains, NY 10601

Re:   *Melville v. HOP Energy, LLC*, No. 21 Civ. 10406 (KMK) (VR)
      *Mullaney et al v. HOP Energy, LLC*, No. 23 Civ. 7318 (KMK) (VR)

Dear Judge Reznik,

We write on behalf of Plaintiffs and the Proposed Classes as Interim Class Counsel to alert the Court of a troubling development relevant to today's upcoming status conference.

Specifically, yesterday evening Defendant informed Plaintiffs that it has entered into a settlement agreement in *Callery v. HOP Energy, LLC*, No. 20 Civ. 3652 (E.D. Pa.) that seeks to completely extinguish the *Melville* and *Mullaney* classes. Defendant's settlement is in open defiance of this Court's May 17, 2024 Interim Class Counsel Order. *See* ECF No. 128.

As Your Honor will recall, after Defendant refused to disavow its strategy of trying to settle the *Melville* and *Mullaney* cases through a reverse-auction settlement in *Callery*, Plaintiffs were compelled to bring a motion to appoint interim class counsel to protect the interests of the *Melville* and *Mullaney* classes. *See* ECF 99.

On May 17, 2024, over Defendant's opposition, the Court granted Plaintiffs' motion, appointing Wittels McInturff Palikovic and Shub & Johns LLC as interim co-lead class counsel in *Melville* and *Mullaney*. ECF 128. The Court's reasoning was clear and unmistakable:

> Understandably, the Plaintiffs in *Melville* and *Mullaney* are concerned that the Defendant's broader view will lead to the negotiation of a settlement in *Callery* that extinguishes all or part of their claims in *Melville* and *Mullaney*. In fact, during a January 9, 2024, conference, when directly asked if he would do so, Defense counsel hedged on whether he would settle any aspect of the *Melville* and *Mullaney* cases as part of a settlement with the plaintiffs in *Callery*. (ECF No. 100-3 at 13 – 15). ***Thus, this Court finds that it would protect the putative classes in Melville and Mullaney to appoint interim class counsel, as it ensures that they will be adequately represented in any settlement involving Callery.***

*Id.* at 3 (emphasis added).

Indeed, the interim counsel role was designed to prevent defendants from seeking out other plaintiff lawyers to auction off class exposure to the lowest bidder. *See Razo v. AT&T Mobility Servs., LLC*, No. 20 Civ. 172, 2021 WL 4847834, at *6 (E.D. Cal. Oct. 15, 2021), *report and recommendation adopted*, 2021 WL 4988866 (E.D. Cal. Oct. 27, 2021) (appointment of lead counsel necessary to prevent a "defendant [from] pickin[g] the most ineffectual class lawyers to

negotiate a settlement with the hope that the district court will approve a weak settlement that will preclude other claims against the defendant").

In an egregious violation of this Court's Order, Defendant notified Plaintiffs yesterday evening that the low-ball $2.6 million settlement it announced yesterday in *Callery* purports to do exactly what the Court directed it not to do—use *Callery* to settle *Melville* and *Mullaney* behind this Court's and Interim Class Counsel's back.

Given Defendant's brazen violation of this Court's unambiguous Order, Plaintiffs are evaluating the appropriate remedy. *See, e.g.*, *Mirkin v. XOOM Energy, LLC*, No. 18 Civ. 2949 (ARR) (RER), 2020 WL 13890926, at *2 (E.D.N.Y. Sept. 6, 2020) ("Should defendants and their counsel seek to 'reverse auction' this case in [a case filed in another District], given the record in this case plaintiffs would easily be able to stop it in its tracks, including starting with a revised motion for appointment of interim class counsel on an expedited basis, with sanctions if warranted."); *see also S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 145 (2d Cir. 2010) (courts may "hold a party in contempt for violation of a court order when the order violated by the contemnor is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply.") (internal quotation marks omitted).

In the interim, however, the Court should reject Defendant's efforts to use its improper *Callery* settlement to delay this case. Defendant advised Plaintiff yesterday evening that it would seek a stay pending the *Callery* settlement. The Court should do no such thing. A stay would reward Defendant and prejudice the *Melville* and *Mullaney* classes, especially because, as the Court knows well, Defendant has repeatedly failed to discharge its discovery obligations. *See Dalchau v. Fastaff, LLC*, No. 17 Civ. 1584, 2018 WL 1709925 (N.D. Cal. Apr. 9, 2018) (denying a stay pending a separate reverse auction settlement because "the way in which it came about plausibly reflect an attempt on the part of [defendant] to undercut [plaintiff] in the instant action").

*Melville* and *Mullaney* were brought to recover the approximately $100 million Defendant wrongfully extracted from tens of thousands of home heating oil customers. Courts' fiduciary duties in class cases requires them to "exercise its independent judgment to protect the interests of class absentees," *In re Traffic Executive Association–Eastern Railroads*, 627 F.2d 631, 634 (2d Cir. 1980), and to faithfully discharge their "duty" to "exercise control over [the] class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil v. Bernard*, 452 U.S. 89, 100 (1981). Defendant's improper conduct now requires that the intervene to protect the *Melville* and *Mullaney* classes, beginning with rejecting Defendant's effort to stay this case on account of its reverse auction settlement in *Callery*.

Thank you for the Court's attention to this matter.

Respectfully submitted,

/s/ J. Burkett McInturff
J. Burkett McInturff

cc:     All counsel of record (via ECF)