## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN MELVILLE,<br>on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>HOP ENERGY, LLC,<br><br>　　　　　　　　　　Defendant. | Civil Case No.: 21 Civ. 10406 (KMK) (VR) |
| MICHELLE MULLANEY and ROBERT MULLANEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOP ENERGY, LLC,<br><br>Defendant. | Civil Case No.: 23 Civ. 7318 (KMK) (VR) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT HOP ENERGY, LLC TO STAY ACTIONS PENDING APPROVAL OF SETTLEMENT IN FIRST-FILED ACTION**

**NIXON PEABODY LLP**

Matthew T. McLaughlin  
Exchange Place  
53 State Street  
Boston, MA 02109-2835  
Tel: (617) 345-1000  
Fax: (617) 345-1300  
mmclaughlin@nixonpeabody.com  

Kevin Saunders  
1300 Clinton Square  
Rochester, NY 14604-1792  
Tel: (585) 263-1561  
ksaunders@nixonpeabody.com  

*Counsel for Defendant HOP Energy, LLC*

4888-2374-7794.1

## TABLE OF CONTENTS

**Page**

Table of Authorities ..................................................................................................................... ii

Preliminary Statement................................................................................................................. 1

Relevant Facts ............................................................................................................................. 1

Argument .................................................................................................................................... 5

  I.  Courts Routinely Grant Stays In These Circumstances............................................................ 5

 II.  *Melville* and *Mullaney* Are Encompassed in the *Callery* Settlement ..................................... 7

III.  This Court Will Be Unnecessarily Burdened And HOP Will Be Prejudiced If A Stay Is Not Entered While Plaintiffs Will Not Be Prejudiced By A Stay Pending The Outcome of Settlement Approval Proceedings In The First- Filed Callery Action....................................................... 8

IV.  A Stay Here Will Conserve Judicial Resources And Promote The Interests Of Non-Parties And The Public ............................................................................... 10

Conclusion ................................................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Advanced Internet Techs., Inc. v. Google, Inc.*,
   No. C-05-02579 RMW, 2006 WL 889477 (N.D. Cal. Apr. 5, 2006) ...............................6, 7, 10

*Ali v. Wells Fargo Bank, N.A.*,
   No. *CIV-13*-876-D, 2014 WL 819385 (W.D. Okla. Mar. 3, 2014) ............................................6

*Annunziato v. eMachines, Inc.*,
   No. SACV 05-610-JVS (MLGx),
   2006 WL 5014567 (C.D. Cal. July 24, 2006) .........................................................................6

*Barnes v. Wells Fargo Bank, N.A.*,
   No. 18-cv-06520-JCS (N.D. Cal. January 25, 2019) .................................................................9

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*,
   630 F. Supp. 2d 295 (S.D.N.Y. 2009) .....................................................................................10

*Chartener v. Provident Mutual Life Ins. Co.*,
   No. Civ. A. 02-8045, 2003 WL 22518526 (E.D. Pa. Oct. 22, 2003) ......................................7

*Hennessey v. The Gap Inc.*,
   No. 4:19-CV-01867-SEP, 2021 WL 2665910 (E.D. Mo. June 29, 2021) ..............................6

*In re HSBC Bank USA, N.A. Debit Card Overdraft Fee Litig.*,
   99 F. Supp. 3d 288 (E.D.N.Y. 2015) ....................................................................................6, 9

*In re JPMorgan Chase LPI Hazard Litig.*,
   2013 WL 3829271 (N.D. Cal. July 23, 2013) ..................................................................6, 8, 9

*In re RC2 Corp. Toy Lead Paint Products Liability Litig.*,
   No. 07 C 7184, 2008 WL 548772 (N.D. Ill. Feb. 20, 2008) ......................................... 6-7, 9

*J.W. v. Pfizer, Inc.*,
   No. 13-CV-00318-YGR,
   2013 WL 1402962 (N.D. Cal. Apr. 5, 2013) ...........................................................................8

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) .................................................................................................................5

*Lindley v. Life Investors Ins. Co.*,
   Nos. 08-CV-0379 (CVE)(PJC), 09-CV-0429,
   2009 WL 3296498 (N.D. Okla. Oct. 9, 2009) ..............................................................6, 8, 10

*Meints v. Regis Corp.*,
   No. 09-cv-2061 WQH (CAB),
   2010 WL 3058300 (S.D. Cal. Aug. 2, 2010) .......................................................................6, 8

*Nesbit v. Fornaro*,
   No. 2:11-cv-00092-PMP-GWF,
   2011 WL 1869917 (D. Nev. Mar. 31, 2011) ......................................................................6, 9

*Packer v. Power Balance, LLC,*
   No. Civ. A. 11-802 (WJM), 2011 WL 1099001 (D.N.J. Mar. 22, 2011) ..............................6

*Readick v. Avis Budget Group, Inc.*,
   No. 12 Civ. 3988 (PGG), 2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014) ..............................5

*Rutledge v. Keenan & Assocs.,*
   No. 5:24-CV-00263-MCS-DTB,
   2024 WL 2984989 (C.D. Cal. June 13, 2024) .........................................................................6

*Schwarz v. Prudential-Bache Securities, Inc.,*
   No. Civ. A. 90-6704, 1991 WL 137157 (E.D. Pa. July 19, 1991) ..........................................7

*Trikona Advisors Ltd. v. Kai-Lin Chuang*,
   No. 12-CV-3886 (JW), 2013 WL 1182960 (E.D.N.Y. Mar. 20, 2013) ............................6, 10

4888-2374-7794.1

Defendant HOP Energy, LLC ("HOP") respectfully submits this memorandum of law in support of its Motion to Stay Actions Pending Approval of Settlement in First-Filed Action (the "Motion").

## PRELIMINARY STATEMENT

HOP moves to stay all proceedings in this action (and the consolidated *Mullaney* action) in light of a nationwide settlement that resolves the claims of Plaintiffs and the putative classes. After nearly a year of settlement negotiations, and with the assistance of the of the Hon. James T. Giles, former chief judge of the U.S. District Court for the Eastern District of Pennsylvania, the parties in the first-filed, parallel class action, *Callery v. HOP Energy, LLC*, No. 20-Civ.-3652 (E.D.P.A.), reached a nationwide settlement (the "Settlement"), which if approved will resolve the putative class and individual claims here. On July 16, 2024, plaintiffs in *Callery* filed a Motion for Preliminary Approval of the Settlement and Certification of Class for Settlement Purposes. *See* Declaration of Matthew T. McLaughlin, dated July 19, 2024 ("McLaughlin Decl."), Ex. 1. In light of the Settlement, HOP respectfully requests that this Court enter a stay pending a ruling on the Settlement in *Callery*.

## RELEVANT FACTS

As this Court is aware from previous pleadings and letter briefing, on June 23, 2020, Brian Callery ("Callery"), a former HOP customer, filed a lawsuit in the Pennsylvania Court of Common Pleas, which HOP removed to the United States District Court for the Eastern District of Pennsylvania. *See Callery*, No. 23-cv-04784-CMR (E.D.P.A.) (DE # 1). The *Callery* complaint alleged that HOP engaged in a "scheme where they created a false, inflated 'prevailing retail price' . . . instead of the actual prevailing retail price" when charging its home heating oil customers. *See id*, ¶ 12. Plaintiff asserted statutory and common law claims for breach of contract, breach of

1

the covenant of good faith and fair dealing, fraud, and violation of various state consumer protection statutes based on the same underlying allegations. *See id.* at 8-12. The plaintiff in *Callery* sought to represent a class of consumers defined as follows:

> All persons who entered into contracts with [HOP] for the delivery of heating oil to a residence, under terms including a capped pricing program and/or a prevailing retail price for the price of heating oil, and who received delivery of heating oil during the time period commencing six years before the filing date of this action.

*Id.*, ¶ 15.

Because the complaint was filed in Pennsylvania state court, it was drafted as an "opt-in class" for non-residents of Pennsylvania pursuant to Pa. R. Civ. P. 1711. *See id.* at 5. Plaintiff's counsel in *Callery* advised HOP's counsel and the Court that they intended to seek to amend the Complaint to comport with Fed. R. Civ. P. 23, but discovery in *Callery* proceeded as if the complaint were filed as a Fed. R. Civ. P. 23 class action complaint. *See* February 8, 2024 Declaration of Matthew T. McLaughlin ("Prior McLaughlin Decl.") (DE #20) at ¶ 5. (In connection with the Settlement described below, plaintiffs filed an Amended Complaint in *Callery* on July 16, 2024. *See Callery*, No. 23-cv-04784-CMR (E.D.P.A.) (DE # 86)).

Eighteen months after *Callery* was filed, on December 6, 2021, the *Melville* case was filed by Ryan Melville, a former HOP customer. On April 26, 2023, Melville filed a "First Amended Complaint." *See* Prior McLauglin Decl., Ex. 2 (DE #20-2). The Amended Complaint in *Melville* alleges that HOP breached its contract with him, and the other putative class members, because HOP's rates were not, in fact, the contractual "Promotional Prevailing Retail Price for First Year Customers" in effect at the time of delivery or, that HOP breached the duty of good faith and fair dealing by not using a "Prevailing Retail Price" commensurate with "prevailing retail prices" in the region. *See id.* ¶¶ 27-28.

2

The Amended Complaint alleges a class "preliminarily defined" as follows:

> [A]ll HOP Energy customers . . . who purchased heating oil during the applicable statute of limitations period . . . pursuant to contractual pricing terms that set the customer's price in relation to "our Promotional Prevailing Retail Price for First Year Customers" or any other pricing terms that set the customer's price in a way that combines the concepts of "Promotional" or "First Year Customers" with "Prevailing Retail Price."

*See id.* ¶ 42.

Twenty months later, on August 18, 2023, counsel for *Melville* filed the *Mullaney* lawsuit in this Court. The *Mullaney* complaint asserts a breach of contract and breach of the covenant of good faith and fair dealing, based upon allegations that HOP overcharged Mullaney and other members of a putative class consisting of customers who purchased variable-rate heating oil from HOP during the applicable statute of limitations period. *See* Prior McLaughlin Decl., Ex. 3 (DE #20-3). The Complaint alleges a class "preliminarily defined" as follows:

> [A]ll HOP Energy customers . . . who purchased variable rate heating oil during the longest possible statute of limitations period . . . pursuant to contractual pricing terms that set the customer's variable, non-capped price by reference to HOP's "prevailing retail price" or any other pricing terms that set the customer's price in a way that is tethered to prevailing retail prices.

*See id.* ¶ 48.

On December 7, 2023, HOP attended a global mediation with the parties in *Callery, Melville,* and *Mullaney* before the Honorable Diane Welsh (Ret.) of JAMS. McLaughlin Decl. ¶ 4. Thereafter, the parties had extensive telephone negotiations with Judge Welsh to work on a potential resolution. *Id.* Eventually, global settlement discussions broke down, Judge Welsh declared an impasse, and counsel for *Melville* and *Mullaney* confirmed to counsel for HOP their position that settlement talks were no longer ongoing. McLaughlin Decl. ¶ 5.

On May 17, 2024, this Court granted Plaintiffs' motion to be appointed interim class counsel in *Melville* and *Mullaney*. *See* Order, DE # 128. Despite Plaintiffs' counsels' request that

3

they "have sole authority to conduct settlement negotiations" on behalf of proposed class members, *see* Plaintiff's Proposed Order, DE #16-1, the Court did not appoint settlement counsel or otherwise enter an order limiting with whom HOP could negotiate a settlement of other pending actions. *See* Order, DE # 128.

Thereafter, counsel for *Callery* and HOP agreed to retain another mediator—as Judge Welsh was conflicted given her role as mediator in the global efforts—to preside over further settlement negotiations. McLaughlin Decl. ¶ 6. On June 6, 2024, the parties attended a mediation before the Honorable James T. Giles (Ret.), in which the parties reached an agreement in principle that led to the Settlement. *Id.*

The Settlement provides for certification of the following class for settlement purposes only (the "Settlement Class"):

> [A]ll persons in the United States who, between June 23, 2014 and the date of the Preliminary Approval Order, entered into a contract(s) with Defendant for the delivery of heating oil to a residence and who received delivery of heating oil pursuant to such contract during such period pursuant to the "capped" price or pursuant to a variable or prevailing price (including, but not limited to, a "prevailing retail price," "prevailing" price or rate, "prevailing commercial rate," or "Promotional Prevailing Retail" price).

McLaughlin Decl. Ex. 1 at 41 of 150. On July 16, 2024, plaintiffs in *Callery* filed a Motion for Preliminary Approval of the Settlement and Certification of Class for Settlement Purposes. *See* McLaughlin Decl., Ex. 1. As set forth in the *Callery* motion papers, the monetary terms of the Settlement consist of the remaining policy limits of HOP's claims-made insurance policy—which is being used to fund HOP's defense costs in *Callery*, *Melville*, and *Mullaney*—given HOP's dire financial position as set forth in the Forensic Report of Michael Breon of North American Forensic Accounting LLC (the "Report"). *See id.* at 101 of 150. If these cases are not stayed, and HOP

4

incurs additional defense costs in connection therewith, such funds will not be available for distribution to the Settlement Class in *Callery*. *See* McLaughlin Decl., Ex. 1 at 7 of 150.

If preliminarily and finally approved, the Settlement would encompass the proposed claims in the instant actions and would release HOP and all of its affiliates from any and all claims arising from its capped and variable pricing. These releases would extend to the claims of the members of the putative litigation classes proposed in the *Melville* and *Mullaney* actions.

## ARGUMENT

This Court should stay the *Melville* and *Mullaney* actions to allow the case-dispositive settlement in *Callery* to proceed through the settlement approval process. The Settlement in *Callery* includes, and releases HOP from, the claims of the *Melville* and *Mullaney* Plaintiffs and their proposed putative classes. A stay of these cases would encourage the preservation of resources, including the Settlement Fund to be distributed to the *Callery* settlement class, which includes the putative *Melville* and Mullaney classes. A stay would also allow the Court and the parties to avoid burdensome and expensive additional discovery, briefing, and hearings that will be rendered unnecessary by the *Callery* settlement. Granting a stay will also prevent against the possibility of conflicting rulings and overlapping litigation and settlement classes.

### I.     Courts Routinely Grant Stays In These Circumstances

"A district court may stay an action pursuant to 'the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants.'" *Readick v. Avis Budget Group, Inc.*, No. 12 Civ. 3988 (PGG), 2014 WL 1683799, at *2 (S.D.N.Y. Apr. 28, 2014) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts within the Second Circuit apply the following factors when deciding a motion to stay a civil action: "(1) the private interests of the plaintiffs in proceeding

5

expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.'" *In re HSBC Bank USA, N.A. Debit Card Overdraft Fee Litig.,* 99 F. Supp. 3d at 315 (quoting *Trikona Advisors Ltd. v. Kai-Lin Chuang*, No. 12-CV-3886 (JW), 2013 WL 1182960, at *2 (E.D.N.Y. Mar. 20, 2013)).

Federal courts routinely exercise their discretion to stay cases when a pending nationwide class action settlement could impact the claims in the action before them. *See, e.g., Rutledge v. Keenan & Assocs.*, No. 5:24-CV-00263-MCS-DTB, 2024 WL 2984989, at *1 (C.D. Cal. June 13, 2024); *Hennessey v. The Gap Inc.*, No. 4:19-CV-01867-SEP, 2021 WL 2665910, at *2 (E.D. Mo. June 29, 2021); *Ali v. Wells Fargo Bank, N.A.,* No. CIV-13-876-D, 2014 WL 819385, at *3 (W.D. Okla. Mar. 3, 2014) (collecting cases); *In re JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *2-5 (N.D. Cal. July 23, 2013) (granting stay given advanced settlement discussions in a parallel class action); *Advanced Internet Techs., Inc. v. Google, Inc.*, No. C-05-02579 RMW, 2006 WL 889477, at *2 (N.D. Cal. Apr. 5, 2006) (granting stay of two federal putative class action lawsuits pending the resolution of a substantially similar class action lawsuit in Arkansas state court in which settlement negotiations were ongoing); *Nesbit v. Fornaro*, No. 2:11-cv-00092-PMP-GWF, 2011 WL 1869917, at *2 (D. Nev. Mar. 31, 2011); *Packer v. Power Balance, LLC,* No. Civ. A. 11-802 (WJM), 2011 WL 1099001, at *1-2 (D.N.J. Mar. 22, 2011); *Meints v. Regis Corp.*, No. 09-cv-2061 WQH (CAB), 2010 WL 3058300, at *3 (S.D. Cal. Aug. 2, 2010); *Lindley v. Life Investors Ins. Co.*, Nos. 08-CV-0379 (CVE)(PJC), 09-CV-0429, 2009 WL 3296498, at *3 (N.D. Okla. Oct. 9, 2009); *In re RC2 Corp. Toy Lead Paint Products Liability Litig.*, No. 07 C 7184, 2008 WL 548772, at *5 (N.D. Ill. Feb. 20, 2008); *Annunziato v. eMachines, Inc.*, No. SACV 05-610-JVS

6

(MLGx), 2006 WL 5014567, at *5 (C.D. Cal. July 24, 2006); *Chartener v. Provident Mutual Life Ins. Co.*, No. Civ. A. 02-8045, 2003 WL 22518526, at *3 (E.D. Pa. Oct. 22, 2003); *Schwarz v. Prudential-Bache Securities, Inc.*, No. Civ. A. 90-6704, 1991 WL 137157, at *1-2 (E.D. Pa. July 19, 1991)). Where, as here, "[s]ettlement of the [parallel proceeding] would have a material impact on the action [before the court]," including obviating the need for the parties and the court to engage in costly discovery, motion practice, and hearings, judicial economy and conservation of resources are served by granting a motion to stay. *See Advanced Internet Techs., Inc.*, 2006 WL 889477, at *2. This Court should similarly exercise its discretion to stay *Melville* and *Mullaney* pending a ruling on the Settlement in *Callery*.

**II.     *Melville* and *Mullaney* Are Encompassed in the *Callery* Settlement**

As noted above, the *Callery* Settlement involves a broad class of "all persons in the United States who, between June 23, 2014 and the date of the Preliminary Approval Order, entered into a contract(s) with Defendant for the delivery of heating oil to a residence and who received delivery of heating oil pursuant to such contract during such period pursuant to the 'capped' price or pursuant to a variable or prevailing price (including, but not limited to, a 'prevailing retail price,' 'prevailing' price or rate, 'prevailing commercial rate,' or 'Promotional Prevailing Retail' price). Moreover, in their original and Amended Complaint, the *Callery* Plaintiffs assert causes of action for the same claims—breach of contract and breach of the implied covenant of good faith and fair dealing—asserted by *Melville* and *Mullaney*. Because the *Callery* settlement class encompasses the claims of the Plaintiffs and the putative classes in *Melville* and *Mullaney*, approval of the Settlement in *Callery* will resolve all outstanding claims in this case.

7

> **III.   This Court Will Be Unnecessarily Burdened And HOP Will Be Prejudiced If A Stay Is Not Entered While Plaintiffs Will Not Be Prejudiced By A Stay Pending The Outcome of Settlement Approval Proceedings In The First- Filed *Callery* Action.**

If this case continues to be litigated, the parties will expend significant resources conducting discovery and briefing motions, which the Court will have to adjudicate. The expenditure of such resources by HOP will, *inter alia*, diminish the amount of settlement funds to be distributed to the Settlement Class. Assuming the *Callery* settlement is approved, those resources would have been contributed to the Settlement Fund. *See In re JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *5 ("A stay is in the interest of judicial economy because a settlement in [an overlapping case] would obviate any further litigation of issues . . . . A stay will allow both parties to conserve their resources should a settlement in [the overlapping case] be finalized."); *see also Meints,* 2010 WL 3058300, at *3 ("Allowing Plaintiff to proceed to class discovery in this case when a settlement potentially barring her class action is pending would waste judicial resources and require Defendant to expend significant effort to comply with discovery requests in a case which is unlikely to result in class certification."); *Lindley,* 2009 WL 3296498, at *3 ("A brief stay of the class allegations to allow the [overlapping class action] court to hold a fairness hearing will conserve defendant's resources by preventing duplicative and expensive class discovery.").

Further, if a stay is not entered, there is a risk that this Court could certify a litigation class while there is a simultaneously certified settlement class in the *Callery* action. *See, e.g., J.W. v. Pfizer, Inc.*, No. 13-CV-00318-YGR, 2013 WL 1402962, at *4 (N.D. Cal. Apr. 5, 2013) (granting stay where defendants "risk considerable hardship if the Stay Motion is denied – namely, they risk the possibility of inconsistent outcomes").

By contrast, Plaintiffs here will not be unduly prejudiced by a stay of this action pending resolution of the settlement approval proceedings in the *Callery* case. *See JPMorgan Chase LPI*

*Hazard Litig.*, 2013 WL 3829271, at *4 (finding that plaintiffs would not suffer prejudice from a two-month stay). If for some reason the *Callery* settlement is not approved, Plaintiffs can move to lift the stay and resume prosecution of this case. *See, e.g., RC2 Corp. Toy Lead Paint Prods. Liability Litig.*, 2008 WL 548772, at *5 (noting that plaintiffs could proceed with the stayed action in the event settlement warranting the stay was not approved).

Furthermore, any concerns Plaintiffs may have regarding the fairness or merits of the *Callery* settlement do not qualify as prejudice: "Plaintiffs will suffer no prejudice because [a stay] will allow them to focus their resources on attacking the fairness of the potential . . . settlement [pending elsewhere]." *In re JPMorgan Chase LPI Hazard Litig.*, 2013 WL 3829271, at *4. Plaintiffs will have a full and fair opportunity to raise any objections to the settlement in the *Callery* action, should they choose to do so. *See, e.g., Nesbit*, 2011 WL 1869917, at *3 (plaintiff in stayed action should raise objections to settlement before judge overseeing settlement). Nor do Plaintiffs' hyperbolic, and false, assertions that HOP somehow violated the Court's Order regarding interim counsel by engaging in settlement discussions in *Callery*, *see* July 17, 2024 letter (DE 30), change this analysis. *See, e.g.*, *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 310 (E.D.N.Y. 2015) (rejecting Plaintiffs' efforts to enjoin settlement reached in separate action after Plaintiffs' counsel were appointed interim class counsel as "the Court did not, *nor could it*, prevent [defendant] from negotiating a resolution of the separate federal action") (emphasis added); *Barnes v. Wells Fargo Bank, N.A.*, No. 18-cv-06520-JCS (N.D. Cal. January 25, 2019) (staying case after defendant reached settlement with plaintiff in first-filed action despite appointment of interim class counsel in cases before it).

Balancing the relative prejudice to the parties makes clear that a stay of *Melville* and *Mullaney* is warranted pending a decision on the Settlement in *Callery*.

9

4888-2374-7794.1

### IV. A Stay Here Will Conserve Judicial Resources And Promote The Interests Of Non-Parties And The Public.

As explained above, a stay of this action will further judicial economy and promote the interests of non-parties and the public by limiting the potential for duplicative hearings, motion practice, and conflicting rulings. *See, e.g., Trikona Advisors, Ltd.*, 2013 WL 1182960, at *3 (finding that the interests of the Court, the non-parties, and the public were served by staying an action pending resolution of a similar action pending in another court); *Advanced Internet Techs., Inc.*, 2006 WL 889477, at *2 (reasoning that continued federal litigation "would be a waste of judicial resources" in the face of a parallel state court action where a nationwide settlement had been reached); *Lindley*, 2009 WL 3296498, at *3 (granting stay because allowing the other court to proceed with a settlement "will also conserve the Court's resources").  As discussed above, if a stay is not entered in this case, there is the possibility for duplicative hearings, motion practice, and conflicting pre-trial rulings, which is only exacerbated by the parallel, overlapping putative classes. Not only will this result in a substantial waste of judicial resources, but parallel classes will also cause a severe disservice to the parties by increasing the potential for conflicting rulings and by creating confusion amongst class members. *See, e.g., Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.*, 630 F. Supp. 2d 295, 306 (S.D.N.Y. 2009) (granting stay to avoid causing uncertainty about inconsistent judgments).

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion.

Dated:  July 19, 2024                    Respectfully submitted,


                                         *s/ Matthew T. McLaughlin*
                                         Matthew T. McLaughlin
                                         NIXON PEABODY LLP
                                         Exchange Place
                                         53 State Street
                                         Boston, MA 02109-2835
                                         Tel: (617) 345-1000
                                         Fax: (617) 345-1300
                                         mmclaughlin@nixonpeabody.com

                                         *Attorneys for Defendant HOP Energy, LLC*

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 19, 2024, a copy of the foregoing was served via electronic mail to counsel of record for Plaintiff.

                                              */s/ Matthew T. McLaughlin*
                                              Matthew T. McLaughlin

4888-2374-7794.1