

Nixon Peabody LLP
Exchange Place, 53 State Street
Boston, MA 02109-2835

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

**Matthew T. McLaughlin**
Partner

T / 617.345.6154
F / 866.440.6480
mmclaughlin@nixonpeabody.com

July 26, 2024

**VIA ECF**

Honorable Victoria Reznik
United States District Court
300 Quarropas Street
White Plains, NY 10601

      Re:    *Melville v. HOP Energy, LLC*, No. 21-Civ-10406-KMK-VR
              *Mullaney v. HOP Energy, LLC*, No. 23-Civ-7318-KMK-VR

Dear Judge Reznik:

      We represent Defendant HOP Energy, LLC ("HOP") in the above action and submit this letter-motion, in accordance with Local Civil Rule 37.2 and Rule 2.A. of Your Honor's Individual Practices regarding a discovery dispute concerning the depositions noticed by Plaintiffs. Undersigned counsel certifies that the parties conducted a telephonic meet-and-confer on July 23, 2024 for approximately 30 minutes regarding the matters raised in this letter-motion and an impasse was declared. HOP requests a pre-motion conference.

      **Relevant Facts**

      On July 9, 2024, Plaintiffs served notices of deposition and/or deposition subpoenas for nine current and former HOP employees, including HOP's current Chief Executive Officer, Jules Ainsworth, and current Chief Financial Officer, Andrew Repine.[1] During the parties July 17, 2024 status conference with the Court, the Court, *inter alia*, extended the fact discovery deadline to October 10, 2024 and directed the parties to "meet and confer in good faith to get deposition dates on the calendar" while the parties briefed HOP's motion to stay the proceedings in light of the classwide settlement reached in *Callery v. HOP Energy, LLC*, No. 2:20-cv-03652 (E.D. Pa.). *See* DE #133.

      **Plaintiff's Improper Apex Deposition Notices**

      During the parties' meet and confer conference, HOP's counsel asked Plaintiffs' counsel the basis for seeking "apex" depositions of Ms. Ainsworth and Mr. Repine, particularly given that they were not among the agreed-upon relevant custodians, they only joined the company last year, and they have no unique relevant knowledge that Plaintiffs could not obtain from a Rule 30(b)(6) or other witness. In response, Plaintiffs' counsel refused to provide any specific basis for seeking

---

[1] Plaintiffs also seek depositions of HOP's former CEO, Michael Anton; former employees Stephen Loizeaux and David Mercado, and Harry Dohnert; and current employees Cindie Gagnon, Matthew Ryan, and Tedd Teschner.

4882-3517-8963.1

their depositions beyond that their belief that they "have relevant information." Courts in this Circuit "disfavor requiring the depositions of senior executives unless they have personal knowledge of relevant facts or some unique knowledge that is relevant to the action." *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, No. MDL 1428(SAS)THK, 2006 WL 1328259, at *10 (S.D.N.Y. May 16, 2006) (permitting defendant to provide a Rule 30(b)(6) witness in lieu of two executives whose depositions were noticed); *Chevron Corp. v. Donziger*, No. 11 CIV. 0691 LAK JCF, 2013 WL 1896932, at *1 (S.D.N.Y. May 7, 2013) ("Because of the possibility of business disruption and the potential for harassment, courts give special scrutiny to requests to depose high-ranking corporate and governmental officials, who are sometimes referred to as 'apex witnesses.'"); *Deluca v. Bank of Tokyo-Mitsubishi UFJ*, No. 05CIV639GELKNF, 2007 WL 2589534, at *2 (S.D.N.Y. Aug. 30, 2007) ("where other witnesses have the same knowledge as the prospective deponent, a court may prevent a redundant deposition of a high-ranking corporate official"); *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19CV226ILGCLP, 2020 WL 13450954, at *3 (E.D.N.Y. Feb. 25, 2020) ("When it cannot be demonstrated that the executive has 'some unique knowledge' of the issues in the case, it may be appropriate to allow other witnesses with the same knowledge to be deposed, while precluding a redundant deposition of the highly placed executive.").

Here, Plaintiffs could not, and cannot, articulate any unique knowledge of Ms. Ainsworth or Mr. Repine that would justify their apex depositions. When coupled with Plaintiffs' position regarding Rule 30(b)(6) depositions below, it is clear that Plaintiffs are attempting to use apex deposition as merely their latest tactic to harass HOP and reduce the amount of available settlement funds to the putative class members they purport to represent. The Court should preclude these apex depositions.

**Plaintiffs' Refusal to Coordinate Depositions in Good Faith**

During the parties' meet and confer, HOP's counsel asked Plaintiffs to confirm that they did not intend to seek any additional deposition testimony other than the witnesses contained in the July 9 notices/subpoenas. In response, Plaintiffs advised that they also intended to seek a Rule 30(b)(6) deposition of HOP. HOP's counsel asked Plaintiffs to provide the topics for which they intended to seek Rule 30(b)(6) testimony so that HOP's counsel could determine which (likely) witness(es) from the July 9 list might also be designated as a corporate witness for such topic(s) and thus avoid duplicative depositions. Again, Plaintiffs refused, other than to indicate that they would provide a list of topics "at some point" but wanted to take all of their individual witness depositions before conducting a Rule 30(b)(6) deposition of HOP.

"A Rule 30(b)(6) deposition is not to be used to re-ask all of the questions a party has previously explored with multiple witnesses." *BAT LLC v. TD Bank, N.A.*, No. 15CV5839RRMCLP, 2019 WL 13236131, at *5 (E.D.N.Y. Sept. 24, 2019), *objections overruled*, No. 15CV5839RRMCLP, 2019 WL 13257498 (E.D.N.Y. Nov. 20, 2019). Moreover, where the fact witnesses and Rule 30(b)(6) witnesses may be the same, "it is more efficient for the fact and 30(b)(6) depositions to proceed simultaneously." *Uni-Sys., LLC. v. United States Tennis Ass'n, Inc.*, No. 17CV147KAMCLP, 2020 WL 8266015, at *5 (E.D.N.Y. July 6, 2020). Here, Plaintiffs once again are seeking to make discovery as burdensome and inefficient as possible. Their refusal

Honorable Victoria Reznik
July 26, 2024
Page 3

to engage in good faith on scheduling depositions efficiently—a routine and non-controversial exercise among counsel in nearly every case—reveals their improper motives here, which the Court should not permit.  Plaintiffs should be required to provide HOP with its proposed list of Rule 30(b)(6) topics for HOP's consideration and so that the parties can coordinate depositions of witnesses in the most efficient—rather than their proposed duplicative and wasteful—manner. Plaintiffs refused this option during the meet-and-confer, and further informed HOP that they would re-notice depositions for unilaterally selected dates if HOP did not simply provide available deposition dates for its witnesses without regard to these issues.

      Thank you for Your consideration of this matter.

                                      Respectfully submitted,

                                      *s/ Matthew T. McLaughlin*
                                      Matthew T. McLaughlin

cc:  Counsel of Record (via ECF)

4882-3517-8963.1

Honorable Victoria Reznik
July 26, 2024
Page 4

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, which was filed electronically with the Court through the Electronic Case Files system on July 26, 2024, will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF").

                              */s/* Matthew T. McLaughlin
                              Matthew T. McLaughlin