# Wittels McInturff Palikovic

August 2, 2024

<u>Via ECF</u>
Hon. Victoria Reznik
United States District Court
300 Quarropas St.
White Plains, NY 10601

Re:   *Melville v. HOP Energy, LLC*, No. 21 Civ. 10406 (KMK) (VR)
      *Mullaney et al v. HOP Energy, LLC*, No. 23 Civ. 7318 (KMK) (VR)

Dear Judge Reznik,

On behalf of Plaintiffs and the Proposed Classes, Interim Class Counsel respectfully submit this response to HOP's July 26, 2024 Local Rule 37.2 letter-motion. *See* ECF No. 137.

HOP's letter-motion is a delay tactic designed to effectively implement a stay before Your Honor rules on HOP's pending stay application. But the Court's July 17, 2024, Electronic Order was clear that "there is no stay of this case pending a ruling from the Court" on HOP's stay motion, and while "depositions do not need to be taken while the stay motion is being briefed," the parties were expressly directed "to meet and confer in good faith to get deposition dates on the calendar." More than two weeks have now passed since Your Honor's directive to "get deposition dates on the calendar," and ***not a single deposition*** has been scheduled.

On July 23, the parties held a telephone conference to ostensibly to schedule depositions, but HOP's counsel was unprepared to discuss actual dates and instead sought to grind scheduling to a standstill. In fact, HOP never even declared an impasse and never advised that it would be requesting a conference with the Court. Instead, HOP's counsel elicited Interim Class Counsel's views on apex depositions and 30(b)(6) staging and left the call by telling the undersigned that we would hear back about dates.

The violation of Your Honor's Rule is not merely technical. It wastes the Court's and the parties' time and resources. There is room to agree on the issues raised in HOP's letter, as outlined below. Even if a true impasse does occur, that is no excuse for HOP's refusal to schedule any of nine noticed depositions (including former HOP employees defense counsel represents). The Court should summarily deny HOP's request for a conference and order that depositions be scheduled in the ordinary course in accordance with Plaintiffs' compromises below, which could have been reached in the first place if HOP meaningfully met and conferred.

<u>**Apex Depositions**</u>: When considering the deposition of a high-ranking employee, courts "begin with the proposition that plaintiffs have no burden to show that the deponents have any relevant knowledge." *In re Garlock,* 463 F. Supp. 2d 478, 481 (S.D.N.Y. 2006). Even when a high-ranking employee denies personal knowledge of the issues at hand, this "claim . . . is subject to testing by the examining party." *Consolidated Rail Corp. v. Primary Indus. Corp.*, No. 92 Civ. 4927 (PNL), 1993 WL 364471, at *1 (S.D.N.Y. Sept. 10, 1993) (citation omitted). In fact, "barring a party from taking a deposition is [a] most extraordinary relief" that is "exceedingly difficult" to establish.

*Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 82 (S.D.N.Y. 2002) (cleaned up). Notwithstanding this well-settled standard, HOP refuses to even schedule the depositions of its CEO and CFO (which were noticed on the back end of the nine depositions). HOP claims Plaintiffs cannot point to "any unique knowledge" of the CEO and CFO and that deposing those individuals is a "tactic to harass HOP and reduce the amount of available settlement funds."

There are three reasons HOP is wrong. First, all depositions were noticed *before* HOP revealed it had engaged in secret collusive settlement negotiations in *Callery*. Second, HOP flips the standard. Plaintiffs are not required to point to these employees' unique knowledge to *take* their depositions, much less to merely lock down their availability in what is likely to be the later part of September. Third, the CEO and CFO *do* have unique information, which Plaintiffs already told HOP. This unique information may not be gleaned through deposing other, lower-ranking witnesses.

*CEO Jules Ainsworth*:



*CFO Andrew Repine*:

Notwithstanding the highly relevant information Ms. Ainsworth and Mr. Repine possess, Plaintiffs are willing to compromise, which HOP would have realized if it meaningfully met and conferred.

Plaintiffs will withdraw these two deposition notices without prejudice and depose other witnesses first, *if* HOP agrees to make these witnesses available within two weeks of the date it is determined (either by party agreement or Court order) that these individuals should be deposed.

**Rule 30(b)(6) Deposition:** HOP is refusing to schedule even a single deposition (which include former employees and employees from varying tiers of HOP's management structure) until it receives Plaintiffs' complete list of 30(b)(6) topics. HOP's position is unfair and its demand is not supported by the Rules or the case law. Rule 26 provides that "methods of discovery may be used in any sequence." Fed. R. Civ. P. 26(d)(3)(A). Indeed, Courts reject party efforts to impose deposition sequencing on their adversaries. *See, e.g.*, *Sticky Fingers Restaurants, LLC v. Sticky's Holdings, LLC*, No. 22 Civ. 5606 (JPC) (JLC), 2023 WL 7401492, at *1 (S.D.N.Y. Nov. 9, 2023) ("Having reviewed the parties' submissions, the Court is not persuaded that any sequencing of [Plaintiff's CEO] depositions is appropriate. Accordingly, defendant is free to proceed either with the 30(b)(1) individual capacity deposition first, followed by the corporate designee 30(b)(6) deposition, or vice-versa. . . . Notably, [movant] has not cited any authority to suggest that its proposed sequencing is required as a matter of law."); *Brennan v. Mylan Inc.*, No. 6:22 MC 6015, 2023 WL 2445344, at *5 (W.D.N.Y. Mar. 10, 2023) ("The Movants contend that . . . Defendants should first seek a 30(b)(6) deposition of RDC before pursuing a 30(b)(1) deposition of each Movant. . . . This argument is without legal merit as the federal rules do not mandate that litigants follow a particular sequence when employing the tools of discovery."); *Rsrv. Sols., Inc. v. Vernaglia*, No. 05 Civ. 8622 (VM) (RLE), 2006 WL 1982780, at *1 (S.D.N.Y. July 7, 2006) ("[D]epositions may be conducted in any order under Rule 26(d)[.]").

Accordingly, Plaintiffs are entitled to proceed with Rule 30(b)(1) depositions before they provide their Rule 30(b)(6) topics. But Plaintiffs have not insisted on doing so and HOP entirely misrepresents Plaintiffs' position. Plaintiffs offered, and continue to offer, the compromise that Plaintiffs can promptly provide their presently-intended list of Rule 30(b)(6) topics, while reserving their right to add additional topics to the notice should the Rule 30(b)(1) depositions or Plaintiff's ongoing review of HOP's recently-produced 700,000+ documents reveal a need to add additional topics to the Rule 30(b)(6) notice. HOP's insistence that the final Rule 30(b)(6) notice be issued before defense counsel even confers with their client about nine separate deposition dates is simply insincere. The Court should summarily reject this transparent delay tactic.

*   *   *

The Court should deny HOP's request for a conference and instead direct the parties to proceed with Plaintiffs' compromises outlined above and "get deposition dates on the calendar" by this coming Wednesday, August 7, which will be exactly three weeks after Your Honor directed HOP to complete the simple task of "get[ting] deposition dates on the calendar."

Thank you for the Court's attention to this matter.

Respectfully submitted,

/s/ J. Burkett McInturff
J. Burkett McInturff

cc:   All counsel of record (via ECF)