UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN MELVILLE,<br>on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>HOP ENERGY, LLC,<br><br>                Defendant. | Civil Case No.: 21 Civ. 10406 (KMK) (VR) |
| MICHELLE MULLANEY and ROBERT MULLANEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOP ENERGY, LLC,<br><br>Defendant. | Civil Case No.: 23 Civ. 7318 (KMK) (VR) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF DEFENDANT HOP ENERGY, LLC TO STAY ACTIONS PENDING APPROVAL OF SETTLEMENT IN FIRST-FILED ACTION**

Defendant HOP Energy, LLC ("HOP") respectfully submits this brief reply memorandum of law in further support of its Motion to Stay Actions Pending Approval of Settlement in First-Filed Action (the "Motion") and to address the arguments made in Plaintiffs Opposition to the Motion (the "Opposition") (*see* DE #142).

1

4883-5236-3734.1

In their Opposition, Plaintiffs do not even attempt to dispute—nor could they—the fact that a denial of the Motion, and thus continued litigation expenses in this case, will directly reduce the settlement funds available to the Settlement Class (which indisputably includes the proposed putative classes of *Melville* and *Mullaney*) due to the "wasting" insurance policy that is being contributed to fund the settlement. Nor do the Plaintiffs even attempt to distinguish—nor could they—the litany of cases cited by HOP in its Motion in which courts routinely stay cases when a pending nationwide class action settlement is reached that—like here—would resolve the claims in the actions before them. Instead, Plaintiffs resort to their tired, baseless attacks on HOP, its counsel, and plaintiffs' counsel in *Callery* with unfounded claims of a "reverse auction settlement" and "collusion" to mask the fact that Plaintiffs' counsel simply seek to continue putting their own interests above those of the class they seek to represent.[1]

At the outset, Plaintiffs argue that the "law of the case" doctrine prevents the Court from considering HOP's Motion because Judge Karas previously denied HOP's motion to stay under the first-filed rule. *See* Opposition at 4-5. Leaving aside the fact that the Court did not decide a "rule of law" in connection with the prior decision that is at issue in the present Motion, "[a]pplication of the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment" in any event. *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 165 (2d Cir. 2000) (citation and internal quotation omitted); *see Kinnie Ma Individual Ret. Acct. v. Ascendant Cap., LLC*, No. 1:19-CV-01050-RP, 2023 WL 5417142, at *4 (W.D. Tex. Aug. 21, 2023) (finding renewed motion to stay not inconsistent with Court's denial

---

[1] Submitted with this reply is a Declaration of Matthew T. McLaughlin, counsel for HOP, and a Declaration of M. Frances Ryan, Esq., counsel for Plaintiffs in *Callery*, regarding several of the misstatements made by Plaintiffs' counsel in their Opposition papers.

2

of original motion where circumstances have changed in separately pending case), *aff'd*, No. 1:19-CV-1050-RP, 2024 WL 1219238 (W.D. Tex. Mar. 21, 2024).

Next, Plaintiffs argue that the relevant stay factors "strongly weigh against a stay." *See* Opposition at 5. However, Plaintiffs' arguments are completely belied by the record facts and the caselaw upon which they rely.

First, Plaintiffs argue that this "case is nearing its three-year anniversary [and] discovery is substantially advanced." *See* Opposition at 5. In fact, the operative pleading in *Melville* was filed just over one year ago and the *Mullaney* complaint was filed less than a year ago. No depositions have occurred, and expert discovery has not yet commenced. Nor, contrary to Plaintiffs' contention, is this case anything like *Dalchau v. Fastaff, LLC*, No. 17-CV-01584-WHO, 2018 WL 1709925, at *1 (N.D. Cal. Apr. 9, 2018). In *Dalchau*, the court found that, unlike here, "[n]othing in the record indicates that [plaintiff in first-filed case] has vigorously litigated the classwide claims," the plaintiff in the first-filed case subsequently filed a "vastly expanded" case, and briefing on class certification had already been completed. *Id.* at *4. *Compare with* Ryan Declaration (describing extensive litigation efforts in *Callery*).[2] Moreover, as the Court noted, the first-filed *Callery* complaint has always encompassed the *Melville* and *Mullaney* classes. *See* Plaintiffs' Declaration (DE #143), Ex. C at 8:10-8:14 (THE COURT: "It appears that [*Callery*] . . . included all persons who entered into contracts with defendants under terms, including a cap

---

[2] Plaintiffs' reliance on *Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292 (S.D. Fla. 2007) and *Claridge v. N. Am. Power & Gas, LLC*, No. 15-CV-1261 (PKC), 2017 WL 3638455 (S.D.N.Y. Aug. 23, 2017) is also misplaced. In *Figueroa*, unlike in *Callery*, "Plaintiffs had limited information concerning the merits of the case when they undertook to settle the claims on the eve of class certification" and agreed to a coupon-only settlement because they "negotiated from a position of weakness. 517 F. Supp. 2d at 1322. Similarly, in *Claridge*, unlike in *Callery*, the complaint only sought to represent a class of New York consumers and at no time prior to the proposed settlement had the plaintiff "sought to expand the definition of the class." 2017 WL 3638455.

3

pricing program and/or a prevailing retail price, which I think would include the claims in your case."), 9:16-9:18 (THE COURT: "at least the way it's pled -- the Callery class action allegations include prevailing retail price contracts as well").  In other words, far from "work[ing] damage to" Plaintiffs, a stay will actually preserve funds to be distributed to the plaintiffs via the *Callery* settlement.

Second, Plaintiffs rely on inapposite cases in which the proposed settlement would not resolve the claims of the pending case or where the non-class settlement was not yet finalized.  *See* Opposition at 7-8 (citing *Torliatt v. Ocwen Loan Servicing, LLC*, No. 19-CV-04303-WHO, 2020 WL 10964876, at *3 (N.D. Cal. Oct. 2, 2020) (denying stay where portion of class not subsumed by proposed settlement in first-filed case); *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, No. C 09-03529 JSW LB, 2012 WL 5519199, at *1 (N.D. Cal. Nov. 14, 2012) (denying stay where non-class action settlement was not finalized and court already "spent considerable time and effort" to rule on disputes that had been submitted); *Keystone Coke Co. v. Pasquale*, No. CIV. A. 97-6074, 1999 WL 126917, at *4 (E.D. Pa. Mar. 9, 1999) (denying non-class action stay where party only reached "agreement in principle" and did not disclose terms to Court).  Neither situation exists here:  the *Callery* settlement is final, and it indisputably resolves the claims in these cases.

Third, Plaintiffs strangely assert that "even an approved *Callery* settlement will not have preclusive effect here." *See* Opposition at 8-9.  Plaintiffs do not attempt to explain how the *Callery* settlement, if finally approved, would not dispose of the class claims in this case.  And the cases they cite in apparent support of their claim are misplaced.  *See Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*, 660 F.2d 9, 19 (2d Cir. 1981) (settlement did not provide for any monetary consideration for entire class of customers); *In re Payment Card Interchange Fee & Merch. Disc.*

4

*Antitrust Litig.*, 827 F.3d 223, 234 (2d Cir. 2016) (same). Furthermore, to the extent Plaintiffs object to the *Callery* settlement, the proper procedure is to raise such objections with the *Callery* Court. *See* HOP's Memorandum of Law in Support of Motion at 9 (citing cases).

Finally, Plaintiffs argue that the Court should deny the stay because "HOP has continually violated the Court's Orders" and a stay would "reward HOP's improper conduct." *See* Opposition at 9, 10. HOP has not violated *any* order of this Court, and Plaintiffs' citations to the Court's hearing transcripts directly undercut their absurd contention that HOP's counsel "admitted that HOP did not even attempt to comply with the ICC Order." *Compare* Opposition at 9 *with* Plaintiffs' Declaration, Ex. E at 13: 15:11-16:7 (explaining circumstances of settlement). Tellingly, Plaintiffs do not even attempt to address the cases cited by HOP that wholly undercut their argument that their appointment as interim counsel somehow precluded HOP from reaching a settlement in *Callery*, a separately-filed case. *See In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 310 (E.D.N.Y. 2015) ("[T]he Court did not, *nor could it*, prevent [defendant] from negotiating a resolution of the separate federal action" even though it appointed interim counsel in the case before it) (emphasis added); *Barnes v. Wells Fargo Bank, N.A.*, No. 18-cv-06520-JCS (N.D. Cal. January 25, 2019) (staying case after defendant reached settlement with plaintiff in first-filed action despite appointment of interim class counsel in cases before it). Indeed, as the Court in *Torliatt*, relied upon by Plaintiffs in their Opposition, explained: "there is simply no support for the proposition that a court may enjoin parties from participating in or reaching a *bona fide* settlement in another federal court that may dispose of claims before it— particularly when there is no pending settlement in the enjoining court and the other federal court is ... charged with attempting to reach a global settlement." *Torliatt*, No. 19-CV-04303-WHO,

4883-5236-3734.1

2020 WL 10964876, at *2 (quoting *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091 (9th Cir. 2008)).

In sum, Plaintiffs' counsel filed the *Melville* and *Mullaney* "copycat" lawsuits approximately eighteen months and three years, respectively, after the *Callery* case was filed, and have spent the past year engaged in scorched-earth litigation tactics that have knowingly served to deplete the settlement funds available to the class members they seek to represent. The Court should not permit their conduct to continue in light of the *Callery* settlement and should grant the Motion.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion.

Dated: August 8, 2024              Respectfully submitted,

> *s/ Matthew T. McLaughlin*
> Matthew T. McLaughlin
> NIXON PEABODY LLP
> Exchange Place
> 53 State Street
> Boston, MA 02109-2835
> Tel: (617) 345-1000
> Fax: (617) 345-1300
> mmclaughlin@nixonpeabody.com
>
> *Attorneys for Defendant HOP Energy, LLC*

6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2024, a copy of the foregoing was served via ECF to counsel of record for Plaintiff.

                                    */s/ Matthew T. McLaughlin*
                                    Matthew T. McLaughlin

4883-5236-3734.1