UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN MELVILLE,<br>on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOP ENERGY, LLC,<br><br>Defendant. | Civil Case No.: 21 Civ. 10406 (KMK) (VR) |
| MICHELLE MULLANEY and ROBERT MULLANEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HOP ENERGY, LLC,<br><br>Defendant. | Civil Case No.: 23 Civ. 7318 (KMK) (VR) |

## **DECLARATION OF MATTHEW T. MCLAUGHLIN**

I, Matthew T. McLaughlin, Esq., make this declaration pursuant to 28 U.S.C. § 1746. I hereby state as follows:

1. I am a partner with the law firm of Nixon Peabody LLP. I respectfully submit this declaration in further support of Defendant HOP Energy, LLC's ("HOP") Motion to Stay Actions Pending Approval of Settlement in First Filed Action. I am familiar with the facts and circumstances stated herein based on my personal knowledge.

1

4890-9469-8710.1

2. In connection with their Opposition to the Motion, Plaintiffs submitted a Declaration of Jonathan Shub and J. Burkett McInturff, dated August 1, 2024 (DE# 143).

3. In the Declaration, Plaintiffs' counsel assert that "[o]n June 6, 2024, while Plaintiffs' global demand to HOP was outstanding, HOP and counsel for the plaintiff in *Callery* held a secret mediation . . . In fact, when this secret agreement was reached, a March 4 joint global settlement demand was still outstanding, and on May 24, 2024, Interim Class counsel had a telephone conference with HOP's counsel to ask about the outstanding settlement demand."

4. Counsel's assertion is not accurate. In early April 2024, HOP rejected Plaintiffs' March 4, 2024 global settlement offer via the Honorable Diane Welsh (Ret.) of JAMS. HOP subsequently advised Judge Welsh that HOP could not offer a settlement beyond the remaining insurance policy limits due to its financial condition. Judge Welsh thereafter attempted to convince Plaintiffs to lower their settlement demand and declared an impasse when they refused to do so.

5. Subsequently, on May 24, 2024, I spoke with Messrs. Shub and Burkett at their request. During that call, they did not "ask about the outstanding settlement demand" as their demand was not outstanding. Rather, they indicated their disappointment that HOP did not make a further counter-proposal in response to their last demand leading to the termination of the mediation. I reiterated that HOP was unable to contribute more than its eroding insurance policy limits given its worsening financial position. Mr. Burkett responded that they were unwilling to pursue settlement talks based on such limits.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 8, 2024

_____
Matthew T. McLaughlin

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2024, a copy of the foregoing was served via ECF to counsel of record for Plaintiff.

                                      */s/ Matthew T. McLaughlin*
                                      Matthew T. McLaughlin

4890-9469-8710.1