

Nixon Peabody LLP
Exchange Place, 53 State Street
Boston, MA  02109-2835

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Matthew T. McLaughlin**
Partner

T / 617.345.6154
F / 866.440.6480
mmclaughlin@nixonpeabody.com

August 9, 2024

**VIA ECF**

Honorable Victoria Reznik
United States District Court
300 Quarropas Street
White Plains, NY 10601

> Re:  *Melville v. HOP Energy, LLC*, No. 21-Civ-10406-KMK-VR
> *Mullaney v. HOP Energy, LLC*, No. 23-Civ-7318-KMK-VR

Dear Judge Reznik:

We represent Defendant HOP Energy, LLC ("HOP") in the above actions and submit this response, pursuant to the Court's August 6 Memo Endorsement (DE #148), regarding Plaintiffs' proposed sealing request (DE # 144).

HOP does not oppose Plaintiffs' request to file the redacted portions and exhibits of its August 2, 2024 response letter (DE #146) under seal.  As Plaintiffs note, the information has been designated as Confidential by HOP pursuant to the So-Ordered Joint Stipulated Protective Order (DE #41) in this case.  Pursuant to the Protective Order, "Confidential" Discovery Material is broadly defined to mean "Discovery Material that contains, includes, discloses or reveals trade secrets or other confidential research, development, or commercial information, other non-public commercial information that may be properly subject to a protective order, and (ii) confidential, non-public personal information that is protected from disclosure by statute, regulation or otherwise, within the meaning of Fed. R. Civ. P. 26(c)(l)(G)."

Documents "not relied upon by the Court . . . do not constitute judicial documents" subject to the right of public access or are at least entitled to a weak presumption of public access because they are immaterial to the resolution of the motion at hand.  *See, e.g.*, *Suber v. VVP Servs., LLC*, No. 20-cv-8177, 2021 WL 4429237, at *10 (S.D.N.Y. Sept. 27, 2021) ("The Court grants all sealing requests.  Many of the aforementioned documents were not relied upon by the Court in this action and thus do not constitute judicial documents in any event."); *see also City of Almaty, Kazakhstan v. Ablyazov*, No. 15-cv-5345, 2021 WL 1177737, at *1 (S.D.N.Y. Mar. 29, 2021) ("The Court concludes that, to the extent these documents qualify as judicial documents, their relevance to [the] summary judgment motion is minimal, and so only a weak presumption of public access applies. . . . The Court did not rely on these documents in deciding the motion and they contain sensitive financial and personal information . . . . Thus, the Court grants [the] motions to seal these documents."); *Moshell v. Sasol Ltd.*, No. 20-cv-1008, 2021 WL 3163600, at *1 (S.D.N.Y. July 24, 2021) ("The Court did not rely on them in resolving Defendants' Motion for

Honorable Victoria Reznik
August 9, 2024
Page 2

Reconsideration and Sanctions.  Accordingly, these exhibits are not 'judicial documents' to which the common law and First Amendment right of public access applies because they were not relevant to the Court's performance of a 'judicial function' nor are they 'useful in the judicial process.'").  Here, given that the Court's August 6, 2024 Order (DE #147) resolved the dispute based on Plaintiffs' offer of compromise—which necessarily did not require the Court to consider the redacted information—the Court should grant the application to seal the information.

Even if a presumption of public access applies, the information at issue involves HOP's confidential, internal pricing communications and confidential information related to HOP's business strategies and is therefore covered by the Protective Order and subject to sealing.  *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing information related to "specific business information and strategies which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit'"); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Financial records of a wholly owned business [and] family affairs . . . with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public.").

Respectfully submitted,

*s/ Matthew T. McLaughlin*
Matthew T. McLaughlin

cc:  Counsel of Record (via ECF)

**CERTIFICATE OF SERVICE**

4861-0922-3639.1

Honorable Victoria Reznik
August 9, 2024
Page 3

I hereby certify that the foregoing document, which was filed electronically with the Court through the Electronic Case Files system on August 9, 2024, will be sent electronically to registered counsel of record as identified on the Notice of Electronic Filing ("NEF").

/s/ Matthew T. McLaughlin
Matthew T. McLaughlin