


August 21, 2024

**Via ECF**
Hon. Victoria Reznik
United States District Court
300 Quarropas St.
White Plains, NY 10601

Re: *Melville v. HOP Energy, LLC*, No. 21 Civ. 10406 (KMK) (VR)
    *Mullaney et al v. HOP Energy, LLC*, No. 23 Civ. 7318 (KMK) (VR)

Dear Judge Reznik,

We write on behalf of Plaintiffs and the Proposed Classes as Interim Class Counsel to request that all newly-raised material in Defendant's HOP Energy's Reply in support of its Motion to Stay, ECF No. 149, be stricken or ignored, or in the alternative, that the Court allow Plaintiffs to file a sur-reply responding to the new material.

As the Court is aware, HOP seeks to indefinitely stay this consolidated action while it seeks approval of its settlement in *Callery v. HOP Energy, LLC*, No. 20 Civ. 3652 (E.D. Pa.). ECF No. 134. After Plaintiffs' opposition exposed fatal flaws in HOP's Motion, HOP filed two new declarations in the hopes of salvaging its stay request. These declarations clearly could have been submitted in HOP's opening papers. "[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply." *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, No. 07 Civ. 2352 (HB), 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007) (quotation omitted).

Worse, and continuing HOP's pattern of ignoring the rules it does not like, the new evidence HOP introduces on reply is based on a wildly false portrayal of confidential mediation discussions. Setting aside the troubling misrepresentations, HOP's attempt to depict confidential discussions runs roughshod over the parties signed JAMS mediation agreement. That binding contract makes clear that "the entire mediation process, including all discussion during the video-conference and in any medium, is confidential" and that "[a]ll statements made during the course of the mediation are privileged settlement discussions, and are made without prejudice to any party's legal position, and are inadmissible for any purpose in any legal proceeding." As Plaintiffs explain below, the Court should strike or ignore HOP's untimely, inaccurate, and unauthorized new factual assertions or at minimum grant Plaintiff leave to respond.

**I.   HOP's New Evidence and Argument Should Be Stricken or Ignored**

It is well settled that when a party raises new evidence or arguments on reply, courts strike or ignore the new material. *See Wolters Kluwer Fin. Servs.*, 2007 WL 1098714, at *1 (striking new evidence); *see also Rios v. MicMac Recs., Inc.*, No. 22 Civ. 2008 (AT), 2023 WL 2495958, at *2 (S.D.N.Y. Mar. 14, 2023) (ignoring new argument); *Kaye v. New York City Health & Hosps. Corp.*, No. 18 Civ. 12137 (JPC), 2020 WL 7237901, at *10 n.8 (S.D.N.Y. Dec. 9, 2020) (same);

*Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of New York & New Jersey*, No. 15 Civ. 3526 (AJN), 2016 WL 6083956, at *4 (S.D.N.Y. Oct. 17, 2016) ("Courts in this District have frequently declined to consider evidence first submitted on reply.").

The Court should do the same here. Indeed, the "sandbag" descriptor is apt here because HOP easily could have submitted its two declarations in its opening papers. *See Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) ("It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden.").

In addition, Plaintiffs' opposition arguments, ECF No. 142, were no surprise to HOP and had already been previewed. Plaintiffs' arguments largely mirrored the discussion before the Court during the July 17, 2024 conference. For example, at the conference, Plaintiffs explained that Judge Karas already decided the cases here did not substantially overlap with *Callery*, Tr. 18:1–5, and that HOP's actions violated this Court's Interim Class Counsel Order, Tr. 28:9–14. These were two of the primary arguments in Plaintiffs' Opposition. It is no excuse that HOP's opening papers tried to sidestep these issues. *See Kantor v. Air Atl. Med., P.C.*, No. 19 Civ. 3597 (EK), 2023 WL 2329800, at *6 (E.D.N.Y. Mar. 2, 2023) ("[A] party may not attempt to cure deficiencies in its moving papers by including new evidence in its reply to opposition papers.").

The equities also strongly favor striking HOP's new reply arguments and evidence because they are based on an attempt to relay confidential mediation communications. For example, in the Mclaughlin Declaration, HOP purports to disclose positions parties took during the mediation, statements allegedly made in connection with the mediation, and a false recitation of communications the mediator purportedly had with Interim Class Counsel. ECF No. 150 ¶¶ 4–5. Similarly, the Ryan Declaration purports to disclose contentions in party mediation statements, mediation positions, Interim Class Counsel's grounds for making certain settlement demands, and information about discovery received solely in connection with the mediation. ECF No. 151 ¶¶ 8, 14, 17, 19, 21, 23, 24.

These portrayals are patently false, but that is beside the point. HOP's efforts to tell the mediation story is strictly prohibited by the mediation agreement both defense counsel and Callery's counsel signed. HOP not only put false and confidential information in the record, but it also did also not even attempt to file it under seal, instead publicly spreading information it knows is confidential.

Worse, HOP's portrayal of prior settlement discussions is deeply misleading and omits critical information. HOP's (and Callery's) brazen violation of the parties' mediation agreement puts Plaintiffs and the Court in an impossible position. The Court is now being asked to make factual determinations about settlement conduct based on HOP's false claims and Plaintiffs hands are tied because unlike HOP and Callery's counsel, unless directed by this Court, Plaintiffs will not divulge the mediation confidences that disprove HOP's new and false claims. The best course is thus for the Court to strike or ignore HOP's two new declarations.

## II. In the Alternative, Plaintiffs Should Be Allowed to File a Sur-Reply

If the Court decides to consider HOP's new material, Plaintiffs ask that they be given an opportunity to respond to the Reply and the new evidence contained therein. *See Joe's Jeans*, 687 F. Supp. 2d at 396 (permitting sur-reply in light of new argument introduced on reply).

In particular, Plaintiffs should be allowed to respond to HOP's misleading description of prior settlement discussions. However, because such disclosure is prohibited by the parties' mediation agreement, if the Court chooses not to strike or ignore HOP's two new declarations, Plaintiffs request specific authorization to disclose information concerning statements and conduct that occurred in prior settlement negotiations.

*   *   *

In sum, the details of prior unsuccessful global settlement talks are irrelevant to the Court's resolution of HOP's stay motion. But to the extent the Court does consider this false and improperly submitted information, Plaintiffs should be given an opportunity to respond and provide their side of the story.

Thank you for the Court's attention to this matter.

Respectfully submitted,

/s/ J. Burkett McInturff
J. Burkett McInturff

Plaintiffs' request to file a sur-reply is **GRANTED**. The sur-reply is due no later than **Friday, August 30, 2024**, and shall not exceed 5 pages in length. Plaintiffs may file their sur-reply temporarily under seal to the extent they intend to discuss confidential settlement negotiations.

SO ORDERED.

_____
Hon. Victoria Reznik, U.S.M.J.

Dated: 08-23-24