# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RYAN MELVILLE, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> HOP ENERGY, LLC, <br><br> Defendant. | Civil Case No.: 21 Civ. 10406 (KMK) (VR) |
| MICHELLE MULLANEY and ROBERT MULLANEY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> HOP ENERGY, LLC, <br><br> Defendant. | Civil Case No.: 23 Civ. 7318 (KMK) (VR) |

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO JUDGE REZNIK'S SEPTEMBER 18, 2024 ORDER

**NIXON PEABODY LLP**

Matthew T. McLaughlin
Exchange Place
53 State Street
Boston, MA 02109-2835
Tel: (617) 345-1000
Fax: (617) 345-1300
mmclaughlin@nixonpeabody.com

Kevin Saunders
1300 Clinton Square
Rochester, NY 14604-1792
Tel: (585) 263-1561
ksaunders@nixonpeabody.com

*Counsel for Defendant HOP Energy, LLC*

# TABLE OF CONTENTS

**Page**

Table of Authorities ................................................................................................................ i

Relevant Facts ....................................................................................................................... 1

Argument ............................................................................................................................... 6

  I.  Legal Standard ........................................................................................................... 6

 II.  Judge Reznik's Order on the Motion to Stay Was Not
     Clearly Erroneous or Contrary to Law ....................................................................... 7

III.  Judge Reznik's Order on the OTC Was Not Clearly
     Erroneous or Contrary to Law ................................................................................... 8

Conclusion ........................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alexander v. City of New York*,
   2008 WL 919621 (S.D.N.Y. 2008) ....................................................................................... 6

*Chan v. Cnty. of Sacramento,*
   No. CIV-S-09-2006 MCE GG,
   2010 WL 3397357 (E.D. Cal. Aug. 27, 2010),
   *report and recommendation adopted sub nom.*,
   No. 2:09-CV-02006-MCE-GG, 2010 WL 3715156
   (E.D. Cal. Sept. 15, 2010) ................................................................................................. 8-9

*Datiz v. Int'l Recovery Assocs., Inc.,*
    No. 215CV03549ADSAKT, 2018 WL 4561461
   (E.D.N.Y. Sept. 24, 2018),
   *amended on reconsideration*,
   No. 215CV03549ADSAKT, 2019 WL 1900472
   (E.D.N.Y. Apr. 29, 2019) ..................................................................................................... 8

*In re Crysen/Montenay Energy Co.*,
   226 F.3d 160 (2d Cir. 2000) ................................................................................................. 7

*Kappel v. Comfort*,
   914 F. Supp. 1056 (S.D.N.Y. 1996) ..................................................................................... 5

*Kinnie Ma Individual Ret. Acct. v. Ascendant Cap., LLC*,
   No. 1:19-CV-01050-RP, 2023 WL 5417142 (W.D. Tex. Aug. 21, 2023),
   *aff'd*, No. 1:19-CV-1050-RP, 2024 WL 1219238
   (W.D. Tex. Mar. 21, 2024). .................................................................................................. 7

*Lynch v. Southampton Animal Shelter Found., Inc.,*
   No. CV 10-2917 ADS ETB, 2013 WL 80178
   (E.D.N.Y. Jan. 7, 2013),
   *adhered to on reconsideration*,
   No. CV 10-2917 ADS ETB, 2013 WL 1563468
   (E.D.N.Y. Apr. 12, 2013) ..................................................................................................... 9

*McAllan v. Von Essen*,
   517 F. Supp. 2d 672 (S.D.N.Y. 2007) .................................................................................. 6

*Nikkal Indus., Ltd. v. Salton, Inc.*,
   689 F. Supp. 187 (S.D.N.Y. 1988) ....................................................................................... 6

*SDD 99, Inc. v ASA International, Ltd.*,
   2007 WL 952046 (W.D.N.Y. 2007) ...............................................................................6

*Thomas v. Arn*,
   474 U.S. 140 (1985)........................................................................................................6

*Treyger v. First Class Furniture & Rugs Inc.*,
   No. 21-CV-2902 (EK), 2022 WL 18356256
   (E.D.N.Y. July 14, 2022),
   *report and recommendation adopted*,
   No. 21-CV-2902(EK)(RLM),
   2023 WL 199698 (E.D.N.Y. Jan. 17, 2023) ...................................................................9

**Statutes and Rules**

28 U.S.C. § 636....................................................................................................................6

Fed. R. Civ. P. 72................................................................................................................6

Loc. Civ. R. 6.1.............................................................................................................9 n.2

Loc. Civ. R. 7.1.............................................................................................................9 n.2

Defendant HOP Energy, LLC ("HOP") respectfully requests that the Court overrule the Objections of Plaintiffs ("Objections") (DE # 58) to Magistrate Judge Victoria Reznik's September 18, 2024 Opinion and Order (the "Opinion and Order") (DE #162) that properly stayed these proceedings pending resolution of the pending classwide settlement in the first-filed case pending in the Eastern District of Pennsylvania, *Callery v. HOP Energy LLC*, No. 23-cv-04784-CMR—which the Court in *Callery* earlier today preliminarily approved as a "fair, reasonable, and adequate resolution of the claims of Plaintiffs and the Settlement Class"—and denied Plaintiffs' application for an order to show cause to hold HOP in civil contempt for allegedly violating Judge Reznik's Interim Class Counsel Order. The Opinion and Order was neither clearly erroneous nor contrary to law and should be affirmed.

## RELEVANT FACTS

On June 23, 2020, Brian Callery ("Callery"), a former HOP customer, filed a lawsuit in the Pennsylvania Court of Common Pleas, which HOP removed to the United States District Court for the Eastern District of Pennsylvania. *See Callery*, No. 23-cv-04784-CMR (E.D.P.A.) (DE # 1). The *Callery* complaint alleged that HOP engaged in a "scheme where they created a false, inflated 'prevailing retail price' . . . instead of the actual prevailing retail price" when charging its home heating oil customers. *See id*, ¶ 12. Plaintiff asserted statutory and common law claims for breach of contract, breach of the covenant of good faith and fair dealing, fraud, and violation of various state consumer protection statutes based on the same underlying allegations. *See id.* at 8-12. The plaintiff in *Callery* sought to represent a class of consumers defined as follows:

> All persons who entered into contracts with [HOP] for the delivery of heating oil to a residence, under terms including a capped pricing program and/or a prevailing retail price for the price of heating oil, and who received delivery of heating oil during the time period commencing six years before the filing date of this action.

1

*Id.*, ¶ 15.

Because the complaint was filed in Pennsylvania state court, it was drafted as an "opt-in class" for non-residents of Pennsylvania pursuant to Pa. R. Civ. P. 1711. *See id.* at 5. Plaintiff's counsel in *Callery* advised HOP's counsel and the Court that they intended to seek to amend the Complaint to comport with Fed. R. Civ. P. 23, but discovery in *Callery* proceeded as if the complaint were filed as a Fed. R. Civ. P. 23 class action complaint. *See* February 8, 2024 Declaration of Matthew T. McLaughlin ("First McLaughlin Decl.") (DE #20) at ¶ 5. (In connection with the Settlement described below, plaintiffs filed an Amended Complaint in *Callery* on July 16, 2024. *See Callery*, No. 23-cv-04784-CMR (E.D.P.A.) (DE # 86)).

Eighteen months after *Callery* was filed, on December 6, 2021, the *Melville* case was filed by Ryan Melville, a former HOP customer. On April 26, 2023, Melville filed a "First Amended Complaint." *See* First McLauglin Decl., Ex. 2 (DE #20-2). The Amended Complaint in *Melville* alleges that HOP breached its contract with him, and the other putative class members, because HOP's rates were not, in fact, the contractual "Promotional Prevailing Retail Price for First Year Customers" in effect at the time of delivery or, that HOP breached the duty of good faith and fair dealing by not using a "Prevailing Retail Price" commensurate with "prevailing retail prices" in the region. *See id.* ¶¶ 27-28.

The Amended Complaint alleges a class "preliminarily defined" as follows:

[A]ll HOP Energy customers . . . who purchased heating oil during the applicable statute of limitations period . . . pursuant to contractual pricing terms that set the customer's price in relation to "our Promotional Prevailing Retail Price for First Year Customers" or any other pricing terms that set the customer's price in a way that combines the concepts of "Promotional" or "First Year Customers" with "Prevailing Retail Price."

*See id.* ¶ 42.

2

Twenty months later, on August 18, 2023, counsel for *Melville* filed the *Mullaney* lawsuit in this Court. The *Mullaney* complaint asserts a breach of contract and breach of the covenant of good faith and fair dealing, based upon allegations that HOP overcharged Mullaney and other members of a putative class consisting of customers who purchased variable-rate heating oil from HOP during the applicable statute of limitations period. *See* First McLaughlin Decl., Ex. 3 (DE #20-3). The Complaint alleges a class "preliminarily defined" as follows:

> [A]ll HOP Energy customers . . . who purchased variable rate heating oil during the longest possible statute of limitations period . . . pursuant to contractual pricing terms that set the customer's variable, non-capped price by reference to HOP's "prevailing retail price" or any other pricing terms that set the customer's price in a way that is tethered to prevailing retail prices.

*See id.* ¶ 48.

On December 7, 2023, HOP attended a global mediation with the parties in *Callery, Melville,* and *Mullaney* before the Honorable Diane Welsh (Ret.) of JAMS. July 19, 2024 Declaration of Matthew T. McLaughlin (DE #34) ("Second McLaughlin Decl.") ¶ 4. Thereafter, the parties had extensive telephone negotiations with Judge Welsh to work on a potential resolution. *Id.* Eventually, global settlement discussions broke down, Judge Welsh declared an impasse, and counsel for *Melville* and *Mullaney* confirmed to counsel for HOP their position that settlement talks were no longer ongoing. Second McLaughlin Decl. ¶ 5.

On May 17, 2024, this Court granted Plaintiffs' motion to be appointed interim class counsel in *Melville* and *Mullaney*. *See* Order, DE # 128. Despite Plaintiffs' counsels' request that they "have sole authority to conduct settlement negotiations" on behalf of proposed class members, *see* Plaintiff's Proposed Order, DE #16-1, the Court did not appoint settlement counsel or otherwise enter an order limiting with whom HOP could negotiate a settlement of other pending actions. *See* Order, DE # 128.

3

Thereafter, counsel for *Callery* and HOP agreed to retain another mediator—as Judge Welsh was conflicted given her role as mediator in the global efforts—to preside over further settlement negotiations. Second McLaughlin Decl. ¶ 6. On June 6, 2024, the parties attended a mediation before the Honorable James T. Giles (Ret.), in which the parties reached an agreement in principle that led to the Settlement. *Id.*

The Settlement provides for certification of the following class for settlement purposes only (the "Settlement Class"):

> [A]ll persons in the United States who, between June 23, 2014 and the date of the Preliminary Approval Order, entered into a contract(s) with Defendant for the delivery of heating oil to a residence and who received delivery of heating oil pursuant to such contract during such period pursuant to the "capped" price or pursuant to a variable or prevailing price (including, but not limited to, a "prevailing retail price," "prevailing" price or rate, "prevailing commercial rate," or "Promotional Prevailing Retail" price).

Second McLaughlin Decl. Ex. 1 at 41 of 150. On July 16, 2024, plaintiffs in *Callery* filed a Motion for Preliminary Approval of the Settlement and Certification of Class for Settlement Purposes. *See* Second McLaughlin Decl., Ex. 1.

On July 19, 2024, HOP filed Motion to Stay these proceedings pending approval of the proposed settlement in *Callery* (the "Motion to Stay") (DE #32). On August 1, 2024, Plaintiffs filed an "Application for an Order to Show Cause Why Defendant HOP Energy, LLC Should Not Be Held In Contempt" (the "OTC") (DE #138). In their memorandum in support of the OTC, Plaintiffs argued that "[w]ith or without a finding of contempt, the Court can and should enter an injunction pursuant to the All Writs Act" to prohibit HOP from moving forward with the *Callery* settlement. *See* DE # 139 at 16. However, Plaintiffs did not file a motion for injunctive relief nor did their Proposed Order to Show Cause request an injunction to be issued.

4

In her Opinion and Order, Judge Reznik granted HOP's Motion to Stay after evaluating the *Kappel* factors set forth in *Kappel v. Comfort*, 914 F. Supp. 1056 (S.D.N.Y. 1996). *See* Opinion and Order at 5-6. The Court concluded that "[a]n analysis of the relevant factors suggests that a stay here, pending resolution in *Callery*, is justified." Specifically, the Court concluded that while the first factor "only slightly weighs in" Plaintiffs' favor, the remaining factors favored granting a stay. *Id.* at 6-10 (concluding that "four of the five *Kappel* factors favor granting a stay of this action pending a resolution in *Callery*."). With respect to the OTC, Judge Reznik denied the application to hold HOP in contempt (without prejudice). Judge Reznik acknowledged that—contrary to Plaintiffs' complaints to the contrary—in her Interim Class Counsel Order "the Court did not specifically define the scope of Plaintiffs' authority in those settlement negotiations nor specifically enjoin Defendant from entering settlement negotiations or discussions in *Callery*." Opinion and Order at 3.[1] Judge Reznik further noted that while Plaintiffs' "argue that this Court should intervene by enjoining HOP from entering into the *Callery* settlement under the All Writs Act, the Court is not convinced it has the authority to do such a thing" and denied Plaintiffs' request. Opinion and Order at 11.

Earlier today, on October 16, 2024, the Court in *Callery* issued an Order, *inter alia*, (i) preliminarily approving the Settlement, (ii) preliminarily certifying the Settlement Class, and (iii) appointing plaintiff's counsel in *Callery* as Lead Class Counsel and the named plaintiffs in *Callery* as Class Representatives. *See* October 16, 2024 Declaration of Matthew T. McLaughlin ("Third McLaughlin Decl."), Ex. A. The Settlement, if finally approved, will encompass the proposed claims in the instant actions and would release HOP and all of its affiliates from any and all claims

---

[1] Ironically, Plaintiffs argue that, under their interpretation of the Interim Class Counsel Order, HOP was somehow enjoined from pursuing settlement discussions in *Callery* notwithstanding their contention in their Objections that Judge Reznik lacks the authority to enjoin.

5

arising from its capped and variable pricing. These releases will extend to the claims of the members of the putative litigation classes proposed in the *Melville* and *Mullaney* actions.

## ARGUMENT

### I. LEGAL STANDARD

When reviewing an order by a magistrate judge regarding non-dispositive matters, a district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. Section 636(b)(1) (A); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A matter is non-dispositive if it "does not dispose of the litigation." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (quoting *Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988)). It is "well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *McAllan*, 517 F. Supp. 2d at 678 (internal citations omitted). Courts have expressly determined that motions to stay are non-dispositive. *SDD 99, Inc. v ASA International, Ltd.*, 2007 WL 952046, *2 n. 2 (W.D.N.Y. 2007) (Payson, MJ) ("These motions are decided by Decision and Order because motions to stay litigation . . . are non-dispositive and thus within a magistrate judge's jurisdiction to determine."); *Alexander v. City of New York*, 2008 WL 919621, *1 (S.D.N.Y. 2008) (Maas, MJ) (noting that "a motion to stay an action is a 'nondispositive' motion within the scope of a general pretrial referral").

As set forth herein, Plaintiffs have not come close to meeting their heavy burden to show clear error in the Opinion and Order. Indeed, Plaintiffs fail to identify *any* error in Judge Reznik's Opinion and Order, let alone show that her reasoning amounted to an abuse of discretion. Judge

6

Reznik's reasoning is well supported by the law and common sense. Thus, even if the Court were to apply a *de novo* standard of review, it should reach the same determination for the same reasons.

## II. JUDGE REZNIK'S ORDER ON THE MOTION TO STAY WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW

First, Plaintiffs argue that Judge Reznik erred when she did not adopt Plaintiffs' view that the "law of the case" doctrine prevented Judge Reznik from even considering HOP's Motion to Stay because the Court (Karas, J.) previously denied a motion to stay sought by HOP under the first-filed rule. *See* Objections at 6-8. However, the Court did not decide a "rule of law" in connection with its prior decision not to issue a stay based on the first-filed doctrine. And, as HOP noted in connection with its Motion to Stay, "[a]pplication of the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment" in any event. *In re Crysen/Montenay Energy Co.*, 226 F.3d 160, 165 (2d Cir. 2000) (citation and internal quotation omitted); *see Kinnie Ma Individual Ret. Acct. v. Ascendant Cap., LLC*, No. 1:19-CV-01050-RP, 2023 WL 5417142, at *4 (W.D. Tex. Aug. 21, 2023) (finding renewed motion to stay not inconsistent with Court's denial of original motion where circumstances have changed in separately pending case), *aff'd*, No. 1:19-CV-1050-RP, 2024 WL 1219238 (W.D. Tex. Mar. 21, 2024). Judge Reznik was well within her discretion to consider HOP's Motion to Stay, particularly in light of the significant changed circumstances, namely the potentially case-dispositive settlement reached in *Callery*.

Second, Plaintiffs argue that Judge Reznik "committed clear error in mis-weighing the *Kappel* factors to determine whether a stay was warranted." Objections at 8. Critically, Plaintiffs do not argue that Judge Reznik applied the incorrect standard but instead take issue with the fact that she did not agree with Plaintiffs' arguments. Specifically, Plaintiffs argue that Judge Reznik "committed reversible error by overlooking Plaintiff' argument . . . for factors 3 and 5." Objections

7

at 9.  However, the Opinion and Order makes clear that Judge Reznik analyzed each of the *Kappel* factors and expressly cited to, and properly rejected, Plaintiffs' arguments with respect to factors 3 and 5.  *See* Opinion and Order at 10 n. 5.  Indeed, Judge Reznik expressly acknowledged that her Interim Class Counsel Order "did not specifically define the scope of Plaintiffs' authority in those settlement negotiations nor specifically enjoin Defendant from entering settlement negotiations or discussions in *Callery*," Opinion and Order at 3, wholly undercutting the Plaintiffs' claim that HOP violated the order by engaging in settlement discussions in *Callery*.  In short, Plaintiffs' argument is nothing more than an improper attempt to relitigate the same arguments already presented to, and rejected by, Judge Reznik.  *See Datiz v. Int'l Recovery Assocs., Inc.*, No. 215CV03549ADSAKT, 2018 WL 4561461, at *2 (E.D.N.Y. Sept. 24, 2018), *amended on reconsideration*, No. 215CV03549ADSAKT, 2019 WL 1900472 (E.D.N.Y. Apr. 29, 2019) ("The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary . . . There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.") (citations and internal quotations omitted).

## III. JUDGE REZNIK'S ORDER ON THE OTC WAS NOT CLEARLY ERRONEOUS OR CONTRARY TO LAW

Plaintiffs' objections to Judge Reznik's Opinion and Order as it pertains to the OTC are equally meritless.

First, Plaintiffs argue that, because the "application for holding HOP in civil contempt contains a request for injunctive relief," Judge Reznik did not have the authority to rule on the contempt application.  *See* Objections at 10.  In fact, Plaintiffs' Application for an OTC does not request any injunctive relief but only seeks to hold HOP in civil contempt.  *See* DE #138; *Chan v. Cnty. of Sacramento*, No. CIV-S-09-2006 MCE GG, 2010 WL 3397357, at *1–2 (E.D. Cal. Aug.

8

27, 2010), *report and recommendation adopted sub nom. Chan v. Counth of Sacramento*, No. 2:09-CV-02006-MCE-GG, 2010 WL 3715156 (E.D. Cal. Sept. 15, 2010) (noting "the fact that parties are directed in their activities by a magistrate judge cannot, without more, transform the matter at hand into an 'injunctive' relief situation governed by § 636" ).[2]  And when considering a motion for civil contempt, magistrate judges are well within their discretion to determine that the complained-of conduct does not rise to the level of contempt.  *Treyger v. First Class Furniture & Rugs Inc.*, No. 21-CV-2902 (EK), 2022 WL 18356256, at *3 (E.D.N.Y. July 14, 2022), *report and recommendation adopted*, No. 21-CV-2902(EK)(RLM), 2023 WL 199698 (E.D.N.Y. Jan. 17, 2023)  ("A magistrate judge may decline to certify the facts of an alleged contempt to the district judge when he or she determines that the conduct does not rise to the level of contempt."); *Lynch v. Southampton Animal Shelter Found., Inc.*, No. CV 10-2917 ADS ETB, 2013 WL 80178, at *1 (E.D.N.Y. Jan. 7, 2013), *adhered to on reconsideration*, No. CV 10-2917 ADS ETB, 2013 WL 1563468 (E.D.N.Y. Apr. 12, 2013) (same).

However, even if construed as a motion for injunctive relief and subject to *de novo* review, the Opinion and Order readily distinguished the authorities advanced by Plaintiffs and correctly questioned the Court's authority to issue injunctive relief under the All Writs Act under these circumstances, citing numerous cases in support.  *See* Opinion and Order at 12-13.  Plaintiffs did not raise any issue with respect to these findings in their Objections.

---

[2] While Plaintiffs' memorandum of law contains a request for injunctive relief within its argument, Local Rule 7.1(a)(1) requires the "notice of motion" or "order to show cause" to specify the "relief sought." Plaintiffs failed to do so.  Likewise, Plaintiffs' OTC was defective for failing to comply with Local Rule 6.1(d), which provides that no "ex parte order, or *order to show cause to bring on a motion*, will be granted, except upon a clear and specific showing by affidavit that contains good and sufficient reasons why a procedure other than by notice of motion is necessary and states whether a previous application for similar relief has been made." (emphasis added).

9

Second, Plaintiffs contend that Judge Reznik erroneously "declined to rule on the issue of contempt" for purportedly violating the Court's Interim Class Counsel Order, *see* Objections at 11, and ask the Court to "direct that Judge Reznik issue a formal decision on whether HOP violated the" Interim Class Counsel Order. *See* Objection at 14. Plaintiffs cite no authority to support such a request. More importantly, however, Judge Reznik did not, in fact, "decline[] to rule on the issue of contempt"; she expressly ruled that "Plaintiffs' request for an Order to Show Cause [for contempt] is **DENIED** without prejudice." Opinion and Order at 14.[3] Putting aside Plaintiffs' distortions and mischaracterizations of the Opinion and Order, Plaintiffs' objections on this issue, like the other issues addressed herein, constitute yet another attempt to relitigate the underlying OTC, repeating arguments Judge Reznik already properly rejected. This Court should do the same and overrule Plaintiffs' Objections.

## CONCLUSION

For the foregoing reasons, the Court should deny the Objections of Plaintiffs to Judge Reznik's September 18, 2024 Opinion and Order.

---

[3] As noted above, Judge Reznik further recognized in the Opinion and Order that she "did not specifically define the scope of Plaintiffs' authority in those settlement negotiations nor specifically enjoin Defendant from entering settlement negotiations or discussions in Callery," *see* Opinion and Order at 3, utterly belying Plaintiffs' argument that the Interim Class Counsel Order (which is the basis of their request for contempt) was "clear and unambiguous" in any event.

10

Dated:  October 16, 2024                                  Respectfully submitted,


                                                          *s/ Matthew T. McLaughlin*
                                                          Matthew T. McLaughlin
                                                          NIXON PEABODY LLP
                                                          Exchange Place
                                                          53 State Street
                                                          Boston, MA 02109-2835
                                                          Tel: (617) 345-1000
                                                          Fax: (617) 345-1300
                                                          mmclaughlin@nixonpeabody.com


                                                          *Attorneys for Defendant HOP Energy, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2024, a copy of the foregoing was served via electronic mail to counsel of record for Plaintiff.

                                                  */s/ Matthew T. McLaughlin*
                                                  Matthew T. McLaughlin