# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRIAN CALLERY**<br>    **Plaintiff,**<br>v.<br>**HOP ENERGY, LLC**<br>    **Defendant.** | CIVIL ACTION NO. 20-3652 |

# ORDER

**AND NOW,** this 16th day of October 2024, upon consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Class for Settlement Purposes [Doc. No. 85], it is hereby **ORDERED** that:

1. Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Class for Settlement Purposes [Doc. No. 85] is **preliminarily APPROVED** as being a fair, reasonable, and adequate resolution of the claims of Plaintiffs and the Settlement Class, subject to further and final consideration at the Final Approval Hearing.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for settlement purposes, the Settlement Class as follows:

> All persons in the United States who, between June 23, 2014 and October 16, 2024, entered into a contract(s) with Defendant for the delivery of hearing oil to a residence and who received delivery of heating oil pursuant to such contract during such period pursuant to the contractual "capped" price or pursuant to a variable or prevailing price (including, but not limited to, a "prevailing retail price," "prevailing" price or rate, "prevailing commercial rate," or "Promotional Prevailing Retail" price). Excluded from the Class are (a) HOP; (b) the officers, directors, and employees of HOP; former HOP employees; (c) any entity in which HOP has a controlling interest; (d) any affiliated or legal representative of HOP; (e) the Judges and Mediators to whom the Action is assigned, the Judge's and Mediator's staff and any member of their immediate family; and (f)

any heirs assigns and/or successors of any such persons or entities in their capacity as such.

3. The Court appoints M. Frances Ryan and Edward C. Sweeney of Wusinich, Sweeney & Ryan, LLC as Lead Class Counsel.

4. The Court appoints Plaintiffs Brian Callery and Tina Fasano as Class Representatives.

5. The Court preliminarily finds, solely for purposes of the Settlement, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement class that predominate over any individual questions; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) the Class Representatives and lead Class Counsel have and will continue to fairly and adequately represent and protect the interest of the Settlement Class; and (e) a class action is superior to all other available methods for the fair and efficient implementation of the Settlement.

6. The form and content of the Class Notices is approved. The Court finds that the emailing and mailing of the Class Notices in the manner set forth in the Settlement, as well as the establishment of a settlement website and toll-free number, is the best notice practicable, constitutes due and sufficient notice to all persons thereto, and satisfies due process. The Court authorizes the Parties to make non-material modifications to the Class Notices prior to publication if they jointly agree that that any such changes are appropriate.

7. The Court appoints Verita Global as the Settlement Administrator.

8. The Settlement Administrator is directed to perform all settlement administration duties set out in the Settlement Agreement, including:

  a. Establishing, maintaining, and administering a toll-free phone number and a website, on or before **November 15, 2024** dedicated to the Settlement which will provide information about the Settlement including all relevant documents and will provide information on how Settlement Class Members may receive the Settlement Benefits.

  b. Disseminating Settlement Class Notice on or before **November 29, 2024** by:

    i. Individual direct email to be sent to all Settlement Class Members for whom HOP has an email address on file.

    ii. Individual Short-Form Notice to be sent by first-class U.S. Mail to all Settlement Class Members; and

    iii. Publication of the Long-Form Notice on a website to be established and maintained by the Settlement Administrator.

9. All Notice and Administration Costs approved and reasonably incurred by the Settlement Administrator shall be paid in accordance with the Settlement Agreement and Settlement Administrator Services Agreement without further order from the Court.

10. No later than 21 days before the Final Approval Hearing, the Settlement Administrator shall be paid in accordance with the Settlement Agreement and Settlement Administrator Services Agreement without further order from the Court.

11. Any Settlement Class Members who do not wish to participate in the Settlement must exclude themselves. All requests to be excluded from the Settlement class, in order to be valid, must (1) be in writing; (2) list the full name, address, and phone number(s) of the Settlement Class Member; (3) be signed by the Settlement Class Member; (4) contain the

3

following statement (or its functional equivalent) that "I request to opt-out from the settlement in the Action"; and (5) be delivered to Settlement Administrator on or before the Opt-Out Deadline, which is **January 14, 2025.** No Opt-Out request will be valid unless all of the information described above is included. All Settlement Class Members who exclude themselves from the Settlement Class will not be eligible to receive any benefits under the Settlement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their ability to independently pursue any claims they may have against HOP.

12. Any Settlement Class Member who has not previously submitted an Opt-Out request may object to the Settlement.

   a. In order to be valid, the following information must be provided in the Settlement Class Member's written Objection: (a) documents establishing, or providing information sufficient to allow the Parties to confirm that the objector is a Settlement Class Member; (b) a statement of such Settlement Class Member's specific Objection; (c) the grounds for the Objection; and (d) identification of any documents the objector desires the Court to consider.

   b. All objections must be in writing, sent to the Clerk of this Court, the Settlement Administrator, Lead Class Counsel, and HOP's counsel at the addresses set forth in the Class Notice. All objections and requests to appear must be postmarked or filed with this Court on or before **February 7, 2025.**

13. Any Settlement Class Member who does not object in the manner provided in this Order shall be deemed to have waived such objections and shall forever be foreclosed from

4

objecting to the fairness, reasonableness, and/or adequacy of the Settlement and any judgment approving the Settlement.

14. Any Settlement Class Member who wishes to appear at the Final Approval Hearing and show good cause why the Settlement should, or should not, be approved as fair, reasonable, and adequate shall file a notice of intent to appear on or before **February 7, 2025.**

15. Lead Class Counsel shall file their motion for an award of attorneys' fees, costs, and expenses, by **January 8, 2025.** Any objection or opposition to the motion must be made by **February 7, 2025.** Class Counsel shall file any reply papers by **March 7, 2025.** Class Counsel shall file their Final Approval Motion by **March 18, 2025.**

16. The Final Approval Hearing is scheduled for **Tuesday, April 8, 2025 at 10:30 A.M.** The Final Approval Hearing will be held in Courtroom 12A at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106. The Final Approval Hearing will be used to determine whether the proposed settlement should be approved as fair, reasonable, and adequate, whether a judgment should be entered approving the Settlement, and whether Lead Counsel's application for attorneys' fees and the Named Plaintiff Enhancement Awards should be approved.

17. All other case deadlines are **STAYED** until further Order of the Court.

It is so **ORDERED.**

                                                             **BY THE COURT:**

                                                             /s/ Cynthia M. Rufe

                                                            **CYNTHIA M. RUFE, J.**