# Wittels McInturff Palikovic

October 17, 2024

**Via ECF**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:   *Melville v. HOP Energy, LLC*, No. 21 Civ. 10406 (KMK) (VR)
      *Mullaney v. HOP Energy, LLC*, No. 23 Civ. 7318 (KMK) (VR)

Dear Judge Karas,

      Interim Class Counsel write to request in-person oral argument at the earliest practicable date on Plaintiffs' Objections to Judge Reznik's September 18, 2024 Order, Dkt. No. 164 ("Objections"). The Court's September 18, 2024 Order, Dkt. No. 162 ("Stay Order") granted HOP's motion to stay this action pending a class action settlement in a separate litigation in the Eastern District of Pennsylvania, *Callery v. HOP Energy, LLC*, No. 20 Civ. 3652 (E.D. Pa.). The Order further denied Plaintiffs' motion for an order to show cause (Dkt. No. 138 ("OSC")) for why HOP should not be held in civil contempt for its violation of this Court's Order appointing Interim Class Counsel (Dkt. 128 ("ICC Order")). Specifically, the Order "decline[d] to delve into the merits" of Plaintiffs' OSC and "decline[d] to rule on Plaintiffs' request for sanctions[.]" Stay Order at 11, 14. This declination is the primary thrust behind the Objections.[1]

      Due to HOP's repeated threats to conduct a reverse-auction settlement via *Callery*, the ICC Order found "that it would protect the putative classes in *Melville* and *Mullaney* to appoint interim class counsel, as it ensures that they will be adequately represented in any settlement involving *Callery*." ICC Order at 3. The Stay Order noted that "the Court assumed that any further settlement negotiations would involve interim class counsel for the *Melville* and *Mullaney* plaintiffs if the settlement attempted to resolve claims on their behalf" and that "[t]his Court contemplated that its Interim Class Counsel order would mean that the *Melville* and *Mullaney* plaintiffs would participate in any settlement that attempted to extinguish their claims." Stay Order at 3–4, 14.

      Openly defying the ICC Order, HOP intentionally and secretively excluded Interim Class Counsel from settlement negotiations and executed a settlement agreement in *Callery* that purports to extinguish the claims here. At a conference before Judge Reznik, HOP admitted it did not attempt to carve out the *Melville* and *Mullaney* claims from the *Callery* settlement. July 17, 2024 Tr., Dkt. No. 140-8, at 21:19–22:8 ("So, no, there was not an attempt to carve it out[.]"). Given the ICC Order's clear language and HOP's admitted conduct, the Stay Order explained that "Plaintiffs have raised potentially valid concerns about how the *Callery* settlement was negotiated without their involvement" and that "it does not go unnoticed by the Court that HOP's actions may

---

[1] The Objections further contend that the Stay Order contradicts Your Honor's prior finding that this case and *Callery* "differ substantially." Objections at 3 (quoting Dkt. No. 39, at 3).

have violated the spirit of the Court's Interim Class Counsel order, if not its explicit terms." Stay Order at 11, 14. Nevertheless, the Stay Order declined to rule on the merits of the OSC.

Yesterday, October 16, the *Callery* court preliminarily approved the settlement and set a deadline for objections to preliminary approval on February 7, 2025. It is now imperative that the Court rule on Defendant's conduct as quickly as practicable, ideally before the *Callery* objections deadline. Plaintiffs intend to object on multiple grounds, including that Defendant violated this Court's ICC Order. The Stay Order did not decide the merits of OSC, but whether HOP violated the Court's ICC Order will be a critical factor for the *Callery* court in determining whether that settlement warrants final approval.

For the foregoing reasons, Plaintiffs respectfully request an in-person oral argument on Plaintiffs' Objections to Judge Reznik's September 18 Order at the Court's earliest convenience.

We thank the Court for its attention to this request.

Respectfully submitted,

/s/ J. Burkett McInturff  `  /s/ Jonathan Shub
J. Burkett McInturff  Jonathan Shub

*Interim Class Counsel*

cc:   All counsel of record (via ECF)